JOHN C. TAYLOR v. PACIFIC MUTUAL LIFE INSURANCE COMPANY, Appellant.

**Accident Insurance:** BURDEN OF PROOF. In an action on an accident policy, a charge that the burden of proof was on the defendant to show that the injury was not accidental was error.

**Misconduct in Argument:** NON-PREJUDICIAL. Attorney for plaintiff, in his opening statement to the jury, referred to acts of defendant's agent in procuring an affidavit from plaintiff and in attempting to settle the case. Objections were made to such remarks, and were sustained, and the attorney then stated that they were not made for the purpose of showing an attempted settlement. The court was not asked to instruct the jury to disregard such remarks, and did not do so, but gave an instruction that nothing but the evidence should be considered. *Held*, not sufficient to warrant a reversal, as prejudice was not shown.

*Appeal from Mills District Court.*—HON. N. W. MACY, Judge.

TUESDAY, APRIL 10, 1900.

ACTION at law to recover on an accident insurance policy issued by the defendant to the plaintiff. There was a trial to a jury, which resulted in a verdict and judgment for the plaintiff. The defendant appeals.—*Reversed.*

*Weaver & Giller* and *L. T. Genung* for appellant.

*Shirley Gilliland, A. E. Cook,* and *W. S. Lewis* for appellee.

SHERWIN, J.—This action was brought on a policy of accident insurance issued by the defendant to the plaintiff. The policy by its terms provides for liability for accidental injuries only, and contains an express provision "that it does not cover, and the company will not be liable for,  *  *  * intentional injuries inflicted by the insured." The petition alleges that while the plaintiff was engaged in his ordinary and usual duties as cashier of the Mills County Savings Bank, and while placing a book in the vault of said bank, it slipped from the shelf, came in contact with a loaded gun, which was thereby accidentally discharged, without fault or negligence on his part, and the contents thereof passed through the wrist joint of his left hand, making amputation thereof necessary. The defendant answered, denying accidental injury, and alleging that the injury was self-inflicted, and that by reason thereof plaintiff violated the conditions of the contract of insurance.

The first assignment of error argued by appellant's counsel is the prejudicial effect upon the jury of a statement of plaintiff's attorney in opening the case, before the introduction of testimony. The statement referred to certain acts of the defendant's agents in procuring an affidavit from the plaintiff before this action was brought, and to an attempt to get him to go to Omaha for the purpose of settlement. This statement was objected to at the time it was made, the objection was sustained by the court, and counsel who made the statement told the court that it was not made for the purpose of showing an effort on the part of the defendant to compromise. The court was not asked to instruct the jury to disregard this opening statement of the attorney, nor did the court do so other than in

a general way.  The court did instruct the jury, however, in
the following language: "In your jury room you should
not refer to, discuss, or consider, in connection with this
case, anything except the evidence received upon the trial.
All extraneous matters and statements should be carefully
discarded by you, and you should base your verdict solely
and entirely upon the evidence."  This instruction, it will
be observed, clearly cautioned the jury against the influence
of any statement not from the lips of a sworn witness.  We
do not wish to be understood as approving the remarks of
counsel which were objected to, but we are of the opinion
that no prejudice resulted therefrom.

The trial court instructed the jury, in substance, that
the law presumed the injury which the plaintiff received
to have been accidental, and that the burden was upon the
defendant to prove that it was not accidental, but
willfully self-inflicted.  The law will presume that
the injury was not self-inflicted.  *Carnes v. Associa-
tion,* 106 Iowa, 281; *Freeman v. Insurance Co.,* 144 Mass.
572 (12 N. E. Rep. 372).  But the burden of proof did not
rest upon the defendant to prove that the injury was not
accidental.  It is a fundamental principle of the law of evi-
dence that he who affirms must prove.  Stephen's Digest Evi-
dence, 175; Greenleaf, Evidence (13th ed.) 1, 83.  To
entitle the plaintiff to recover at all, he must prove by a pre-
ponderance of the evidence that his was an accidental
injury, because the policy only insured him against such
injuries.  It is true that when an injury is shown the pre-
sumption arises that it was not self-inflicted, and to defeat a
recovery the defendant must negative this presumption; but,
in cases where the very foundation of the action is accidental
injury, the presumption which the law raises is only an aid
to the other evidence on the subject, and does not operate to
shift the burden of proof on the entire issue to the defend-
ant.  *Carnes c. Association, supra; Insurance Co. v.
McConkey,* 127 U. S. 661 (8 Sup. Ct. Rep. 1362, 32 L. Ed.

308); *Whitlatch v. Casualty Co.,* 149 N. Y. App. 45 (43 N. E. Rep. 405); *Simpson v. Davis,* 119 Mass. 269; *Perley v. Perley,* 144 Mass, 104 (10 N. E. Rep. 726). Much of the seeming conflict in the adjudicated cases on the question of the burden of proof, where a presumption arises in favor of either party, has grown out of the failure to clearly define the weight to be given to the presumption. It is quite commonly said that the burden is upon the defendant to overcome that presumption, but it is still true that after all the evidence is before the jury the burden rests where it did in the beginning. We think, however, there is no real conflict in the cases as to where the burden belongs in actions of this kind. If the defense were based upon the breach of some particular condition of the policy, or upon some exception therein, it would fall within the rule announced in another line of cases. See *Jones v. Association,* 92 Iowa, 652; *Sutherland v. Insurance Co.,* 87 Iowa, 505. But in this case, as we have seen, the plaintiff's right to recover is based solely upon an accidental injury, and upon him rests the burden of proving that it was such. For the error in the instruction noticed, the case is REVERSED.