## WAGNER v. WEYHE ET AL.

[No. 20,560.     Filed January 27, 1905.]

1. NEW TRIAL.—*Directing Verdict for Plaintiff.*—*Bill of Exceptions.*—
Sustaining a motion to direct a verdict for plaintiff is a proper ground
for a new trial, and where an exception is reserved to such ruling at
the time, such exception is carried forward by the statute to the time
of the ruling on the motion for a new trial. p. 178.

2. APPEAL AND ERROR.—*Two Bills of Exceptions.*—*Practice.*—Where
the appellants were given time in which to file their "general bill of
exceptions," such grant is broad enough to include two bills of excep-
tions, the phrase being construed to mean their "bill of general excep-
tions." *Pitzer* v. *Indianapolis, etc., R. Co.,* 80 Ind. 569, followed.
p. 178.

3. TRIAL.—*Directing Verdict.*—*Evidence.*—Where the evidence is con-
tradictory or where different inferences can be drawn by the jury, it
is improper to direct a verdict. p. 180.

From Lake Circuit Court; *Willis C. McMahan,* Judge.

Action by Alice Weyhe and another against Rosetta Wag-
ner and husband. From a decree for plaintiffs, Rosetta
Wagner appeals. Transferred from Appellate Court under
subdivision 2, §1337j Burns 1901, Acts 1901, p. 565. *Re-
versed.*

*Crumpacker & Moran,* for appellant.

*Fancher & Pattee,* for appellees.

MONTGOMERY, J.—Appellees brought suit against appel-
lant Rosetta Wagner and her husband to quiet title to cer-
tain real estate in Lake county. From a decree in favor
of appellees, appellant appealed to the Appellate Court, and
the cause was transferred to this court under subdivision
2, §1337j Burns 1901.

The alleged error of the trial court assigned and discussed
is overruling appellant's motion for a new trial. The
reasons urged here for which a new trial was asked are in-
sufficient evidence, and error of the court in directing the
jury to return a verdict for plaintiffs. The verdict was

returned, and the judgment thereon rendered, and the motion for a new trial filed at the February term, 1902, and defendants were then given ninety days in which to file "their general bill of exceptions." Within the period thus given, appellant presented to the court two bills of exceptions, one embodying the evidence with the rulings and exceptions relating thereto, and the other containing the court's peremptory instruction in favor of plaintiffs, with appellant's exception to the same.

The right of appellant to present two bills of exceptions under the authority given has been questioned. Section 638 Burns 1901, §626 R. S. 1881, provides: "That if a motion for a new trial shall be filed in a cause in which such decision so excepted to, is assigned as a reason for a new trial, such motion shall carry such decision and exception forward to the time of ruling on such motion, and time may be then given by the court within which to reduce such exception to writing."

1.    The action of the court in directing a verdict for appellees was excepted to at the time by appellant, and assigned as a reason for a new trial. This was a proper matter to be included in a motion for a new trial, and therefore the action of the court in directing a verdict, and the exception thereto, were carried forward by the terms of the statute to the time of ruling on the motion for a new trial. *Bement* v. *May* (1893), 135 Ind. 664; *Pitzer* v. *Indianapolis, etc., R. Co.* (1881), 80 Ind. 569; *Ryman* v. *Crawford* (1882), 86 Ind. 262.

2.    The record shows that when the motion for a new trial was overruled, appellant was given ninety days in which to present her general bill of exceptions. The expression "general bill of exceptions" may be transposed so as to read "bill of general exceptions," and the expression, as used in this connection, means that appellant was granted ninety days within which to prepare a bill or bills of exceptions in writing, exhibiting all exceptions taken by her

to rulings of the court made during the trial of the cause, and which rulings had been embraced in the motion and assigned as reasons for a new trial. It must be held, in consequence, that appellant was given ninety days in which to prepare and present a bill of exceptions embodying her exceptions taken to the action of the court in directing a verdict for plaintiffs.

The language of the record is "their general bill of exceptions," and the inquiry remains whether or not only one bill of exceptions, or more than one, was authorized within the time so given. This question was decided in the case of *Pitzer* v. *Indianapolis, etc., R. Co., supra,* in the following language: "We think the first objection too technical to prevail. We suppose that it can make no material difference whether the rulings are exhibited in one bill or two bills. If the ruling under examination had been embodied in one bill with the evidence and instructions, there could have been no such question as that here under immediate discussion, and we think the fact that it appears in a separate bill is not material." We adhere to that interpretation of the law, and hold that the action of the court in directing a verdict is properly before us for review.

The real estate in controversy was formerly owned by August Hasselbach, Sr., who conveyed it to his son August. August Hasselbach, Jr., was unmarried, and died intestate while owning the land, leaving no children or their descendants. The father, assuming to be again the owner of the land, conveyed it to the appellees and their brother Henry Hasselbach, who conveyed his interest therein to appellees. Appellant and appellees are sisters, and appellant claims to be the owner of an undivided one-eighth of the land as an heir of her deceased brother August Hasselbach, Jr. The deed of August Hasselbach, Sr., to his son August, purported to have been made in consideration of $5, but appellees contend that it was in fact made solely in consideration of "love and affection," and that upon the death of the son

the land reverted to the father under the provisions of §2628 Burns 1901, §2473 R. S. 1881. The father was living at the time of the trial, and testified as a witness. He testified, among other things, that his son August was thirty-two years of age, and had stayed with his father and mother; did all of the work; helped in the house, did the washing, ironing, and everything when the mother could not help herself, and there was no one else to come and help her; and at last, the mother having died, he had to do the business himself, and thought he could not do it any other way but by giving the boy the place; that they talked the matter over, and he proposed that, if the boy would stay with him and do as he had done, he would deed him the place, and the boy agreed to do so, and to take care of him during his lifetime, and the deed was then made.

3. Appellant's counsel contend that this evidence proves, or tends to prove, that the deed from the father to the son August was not made solely in consideration of love and affection, but was made upon a valuable consideration. We agree with this contention, and think that in the face of the recital in the deed, and upon this and the other evidence in the case, the trial court should not have taken the case from the jury.

The burden was upon plaintiffs to establish their title. The evidence upon the vital point in controversy was not written or documentary, but oral. It was for the jury to say upon all the evidence submitted to them, under proper instructions from the court, what credit they would give to the statements of the several witnesses, what facts were established, and what inferences were to be drawn from such facts, and, finally, whether or not plaintiffs had established their title as against defendants by a fair preponderance of credible evidence. The evidence in this case is not of the uncontradicted and conclusive class or character which will authorize the court to say, as a matter of law, that plaintiffs' case is made out, and that the jury shall return their

verdict accordingly. The giving of the peremptory instruction by the court to return a verdict for plaintiffs in this case was an invasion of the province of the jury. *Board, etc., v. Garrigus* (1905), *post*, 589, 73 N. E. 82; *Messick v. Midland R. Co.* (1891), 128 Ind. 81; *Gaff v. Greer* (1882), 88 Ind. 122, 45 Am. Rep. 449; *Jacobs v. Jolley* (1902), 29 Ind. App. 25; 6 Ency. Pl. and Pr., 694.

The conclusion reached makes it unnecessary to discuss further the sufficiency of the evidence. For the error of the court in directing the jury to return a verdict for appellees, this case must be reversed.

The cause is reversed, with instructions to grant a new trial.

Gillett, J., did not participate in this decision.