### McCORMACK et al. v. ILLINOIS COMMERCIAL MEN'S ASS'N.

(Circuit Court of Appeals, Seventh Circuit. November 5, 1907.)

No. 1,366.

INSURANCE—ACCIDENT INSURANCE—CAUSE OF DEATH—QUESTION FOR JURY.

In an action on an accident policy, whether insured's death resulted from his being thrown from a buggy, and was therefore within the terms of the policy, or whether death resulted wholly or partially from disease or bodily or mental infirmity, within an exception in the policy, *held* for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 1745.

Risks and causes of loss under accident insurance policies, see note to National Accident Society of City of New York v. Dolph, 38 C. C. A. 3.]

In Error to the Circuit Court of the United States for the Northern District of Illinois, Eastern Division.

This is a common-law action brought by the plaintiffs in error against the defendant in error upon a policy of accident insurance issued to the late Patrick E. Murphy in his lifetime. By the law of the association, which became practically embodied into the policy, it was provided that when a member in good standing should, through external violence and accidental means, receive bodily injuries which would, independently of all other causes, result in the death of such member, there should be paid an indemnity of $5,000, and there should be no liability when death occurred wholly or partially, directly or indirectly, as a result of or while the member was afflicted

with disease, bodily or mental infirmity, etc. At the close of the proofs the court directed a verdict in favor of the defendant. Such direction of the court is the error chiefly relied upon for the reversal of the judgment, and the only one necessary to be considered.

The evidence tended to show that on the 5th day of October, 1904, the assured was driving in a single buggy near the intersection of Dale street and Como avenue in the city of St. Paul, Minn.; that while his horse was on a walk, and while he was putting on his gloves, he reached forward, apparently to gather up the reins which lay across the dashboard of the buggy. At that instant, while the assured was so leaning forward, the buggy struck some obstruction in the street, which caused the hind wheels to rise up with a "jerk" or "bounce," and thereupon said assured fell from the buggy, striking the forward wheel, and then striking on his head upon the cobblestone pavement; that he was picked up and carried to an adjacent building, where he died in about ten minutes. He had a contusion on his face and on the right side of his head immediately back of the ear. The evidence leaves it uncertain as to what the obstruction was which the wheels of the buggy struck. It appears that the assured was a man about 50 years of age, that he was about 5 feet 8 inches in height, weighed about 225 pounds, wore a No. 18 collar, and was a heavy eater, although it appears that he was in good general health, and did not appear to be suffering from any bodily ailment on the day of the alleged accident. Plaintiff in error also offered evidence, which was not seriously controverted, that the injuries incident to the fall were sufficient to produce death in the case of a healthy person. There was no post mortem examination, and the body of assured was examined only by one medical man, Dr. Miller, who was then the coroner of Ramsey county. In the first instance he filed a certificate that death occurred as the result of apoplexy, but after further examination into the circumstances of the case, a second certificate was filed attributing the death to cerebral hemorrhage, occasioned by the fall from the buggy. Some expert evidence was offered by medical men who were acquainted with assured in his lifetime, to the effect that the assured, as to age, habit of life, and general appearance, belonged to a class from whom apoplexy selects its victims. Expert testimony, predicated upon hypothetical questions, was received as to the probable cause of the death of assured, and such testimony was conflicting.

There is no dispute that the deceased was a member of the association in good standing; that proper proof of death was duly presented; nor as to the fact of the death of the assured at the time and place alleged. The contention of the defense is that the assured was stricken with apoplexy or heart failure before he fell from the buggy, and that death did not therefore result from accident so as to bring the case within the terms of the policy.

Curtis H. Remy (Christopher O'Brien, on the brief), for plaintiffs in error.

James Maher, for defendant in error.

Before BAKER and SEAMAN, Circuit Judges, and QUARLES, District Judge.

QUARLES, District Judge (after stating the facts as above). The issue in this case is narrow and simple. Evidence was offered at the trial tending to prove an injury from external, accidental causes, sufficient to produce death in the case of a healthy person. On the other hand, evidence was received which tended to show that the assured was by his condition and habit of life predisposed to an attack of apoplexy, although no affirmative showing was made that he was actually suffering from any bodily ailment. It is claimed that certain facts appearing in evidence are consistent with and calculated to sustain the theory of the defense, as for instance, the failure of the assured to make any outcry or any effort to save himself, or break the force of his fall.

There were, therefore, two possible inferences to be drawn from the facts disclosed. Was the death the result of the fall, or was the fall the result of death? To determine which inference should prevail was peculiarly the province of the jury.

No inference which the learned trial judge may have been inclined to entertain ought to foreclose the question of fact, while there remained a different theory of the evidence which the jury might reasonably have adopted. If the jury found that the testimony of the two eyewitnesses was credible, they might have inferred therefrom that the assured while leaning forward to gather up his reins, was thrown out by the jolt or jerk occasioned by the obstruction which suddenly lifted the hind wheels of the buggy, and if they found that the fall was purely accidental, the evidence might have justified the further finding that death resulted from injuries occasioned by the fall. In short, we are satisfied that the case was one where the plaintiffs were entitled to go to the jury.

For these reasons, the judgment is reversed, and the cause remanded to the Circuit Court with instructions to grant a new trial