## Gen. Accid't & Life Assur. Corp. (Ltd.) v. Meredith.

(Decided December 7, 1910.)

Appeal from Allen Circuit Court.

1. Insurance—Accident Insurance—Injury Resulting in Death—Policy Payable to Wife—Evidence.—Deceased, a physician, held an accident policy, in force at the time of his death, payable to his wife. In stepping down from a pavement about eight inches high, he received a jolt from which he suffered that night, and when he reached Gallatin he took a hack and went to a drug store and got some medicine, and then went home, continuing to suffer. The next morning he was a little better, and made a call on a patient, and on the next day made another call, but returning from that visit he went to bed and was not out of bed any more. He was injured January 21, 1909, and died January 29th. In an action by his wife on the policy, the proof showed that he died of intussusception, which is the slipping of one bowel into another. He was treated by his brother and two other physicians, all of whom testified on the trial that in their opinion the jolt he received caused the bowel to slip into the

other. Defendant introduced four physicians, who did not see deceased, who gave it as their opinion that his death could not have been caused by intussusception. She recovered a verdict for $500.00. The policy provided: "If any one of the following specific total losses shall result solely from the injuries described in paragraph A, within 90 days from date of accident, the company will pay in lieu of any other indemnity:   For Loss of Life, five hundred dollars, the principal sum of this policy, payable to the beneficiary named in the policy, otherwise to the executor or administrator of the assured."

2.  Labor Performed After Injury.—It is insisted that the insured made the calls referred to after he was hurt, and on both of these days he was not wholly and continuously prevented from performing the duties pertaining to his business. Held, if this was a suit to recover for his disability, at the rate of $50.00 a month, this claim would apply, and would preclude a recovery on the facts shown for total accident disability. But the recovery is not sought under this clause, but is sought under Class C: "For loss of life, $500.00."

J. H. GILLIAM and BRADBURN & BASHAM for appellant.

GOAD & OLIVER for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

The General Accident and Life Assurance corporation limited issued to Dr. W. E. Meredith an accident policy. He died while the policy was in force, and this action was brought by his wife, Cora M. Meredith, to recover on the policy. On a trial of the case in the circuit court before a jury, there was a verdict in her favor for $500. The court entered judgment on the verdict, refusing the defendant a new trial, and it appeals.

The instructions of the court are not made a part of the record, and there were no material exceptions taken to the testimony introduced on the trial. Practically the only ground of complaint on the appeal is that the verdict of the jury is against the evidence. The facts of the case are these: Dr. Meredith lived at Scottsville, Kentucky, he and his brother conducting an infirmary there. On January 21, 1909, he and his wife, and several others, went to Nashville, Tennessee, stopping at the Maxwell House. In the afternoon he and his wife returned to the station about fifteen minutes before train time, and there the doctor remembered that he had left his overcoat at the Maxwell House. He went after his overcoat. About the time the train he wished to take

was due to start, he came back on a street car, and having gotten off the street car ran down the pavement toward the station. His attention being fixed on the train, he failed to notice when he reached the end of the pavement, where there was a step down of about eight inches; and when he made this step, he received a jolt. His wife was with the conductor holding the train for him. He walked slowly from this point to where his wife was, was pale and suffering when he reached her. He continued to suffer after he got on the train, and when he reached Gallatin, he got off, took a hack, and went to a drug store where he got some medicine. After this he went on home. He suffered that night. The next morning he was a little better, and he made a call on a patient, and on the next day he made another call, but returning from that visit, he went to bed, and was not out of bed any more. He died on January 29. The proof for the plaintiff on the trial showed that he died of intussusception, which is the slipping of one bowel into another. His brother who was on the train with him, and treated him from that time until he died, as well as two other physicians who were called into the case, testified that in their judgment, the jolt which he received, when he stepped from the pavement caused the bowel to slip into the other; that this had produced the pain which immediately followed, and caused him to be pale when he reached his wife, and also caused the tenderness and swelling of the bowels which soon thereafter set up; that at first the obstruction of the bowel was partial, but that later the obstruction became total, and after this they were unable to get any action on his bowels, and he died from intussusception. The plaintiff sustained her theory as to the causes of his death by four physicians whom she introduced. The defendant introduced four physicians, who did not see the deceased or know his symptoms, who gave it as their opinion that his death could not have been caused by intussusception. We cannot say that the jury were not warranted in believing the witnesses for the plaintiff. There was no contradictory evidence as to the facts they stated, and these facts went far to sustain the conclusion that they reached.

It is insisted, however, that the facts shown do not warrant the recovery had under the policy. The policy provides among other things that the company thereby insured the deceased as follows:

## "TOTAL ACCIDENT DISABILITY.

"(a) At the rate of fifty dollars per month, for a period not exceeding twenty-four consecutive months, against total loss of time resulting directly and independently of all other causes from bodily injuries effected through external, violent and accidental means, and which wholly and continuously from date of accident disable and prevent the assured from performing every duty pertaining to any business or occupation.

## "PARTIAL DISABILITY.

"(b) Or, if such injuries shall wholly and continuously, from date of accident, disable and prevent the assured from performing one or more important daily duties pertaining to his occupation, or in event of like disability immediately following total loss of time, the company will pay the assured for the period of such partial disability, not exceeding six (6) consecutive months, at the rate of 40 per cent. (Twenty dollars) per month, provided the maximum period for which indemnity shall be paid under paragraphs A and B hereof, for any one injury, shall not exceed twenty-four consecutive months.

## "SPECIFIC TOTAL LOSSES.

"(c) Or, if any one of the following specific total losses shall result solely from the injuries described in paragraph A within ninety days from date of accident, the company will pay, in lieu of any other indemnity

For Loss of

Life five hundred dollars, the principal sum of this policy,

Both hands by severance at or above the wrist, the principal sum,

Both feet by severance at or above the ankle, the principal sum,

One hand and one foot by severance at or above the wrist or ankle, the principal sum,

Entire sight of both eyes, if irrevocably lost, the principal sum,

Either hand by severance at or above the wrist, one-half of the principal sum,

Either foot by severance at or above the ankle, one-half the principal sum,

Entire sight of one eye, if irrevocably lost, one-third of the principal sum.

"Indemnity for loss of life shall be payable to the beneficiary named in said schedule, if surviving, otherwise to the executors or administrators of the assured."

It will be observed that in clause A regulating the amount to be paid for total accident disability, the company assumes responsibility only for "loss of time resulting directly and independently of all other causes from bodily injuries effected through external violent and accidental means, and which wholly and continuously from date of accident disable and prevent the assured from performing every duty pertaining to any business or occupation." It is insisted that the assured made the calls referred to after he was hurt and on both of these days was not wholly and continuously prevented from performing the duties pertaining to his business. If this was a suit to recover for his disability at the rate of fifty dollars a month, this clause would apply, and would preclude a recovery on the facts shown for total accident disability. But the recovery is not sought under this clause. The recovery is sought under clause C for loss of life $500. It is insisted that in this clause the liability of the company is limited to losses which "shall result solely from the injuries described in paragraph A within ninety days from date of accident," and that when we look to paragraph A, the only injuries which are included in it are those which wholly and continuously from date of accident disable the assured from performing every duty pertaining to his occupation. But that is not the meaning of the policy. The losses specified in section C must occur "within ninety days from date of accident," that is, the company is not liable for loss of life unless the man dies in ninety days after the accident. The injuries described in Paragraph A within the meaning of section C are "bodily injuries effected through external, violent and accidental means." Section C deals with the loss of life or a hand or foot or eyes. It sets out a liability which the company assumes in addition to the total accident disability set out in section A. The total accident disability cannot be recovered for under section A unless the disability is continuous from the date of the accident. But for the things set out in section C no disability is required. It is only required that the loss must occur within ninety days from the date of the accident. We had this question before us under a policy practically the same as this in Aetna Life Ins. Co. v.

Bethel, 140 Ky. 608, and there held as above indicated. If the deceased got a fall as above stated, when he stepped from the pavement, and this fall produced the injury to the bowel which caused his death, his life was lost from a bodily injury effected through external, violent and accidental means. (American Accident Co. v. Reigart, 94 Ky. 547; Omberg v. U. S. Mut. Accident Asso., 101 Ky. 303; Fidelity and Casualty Co. v. Cooper, 137 Ky. 544.)

On the whole case we see no reason for disturbing the verdict of the jury.

Judgment affirmed.