Amelia Caldwell, Appellee, v. Iowa State Traveling Men's Association, Appellant.

**Accident insurance:** PROXIMATE CAUSE. Where death follows from a disease, the natural though not necessary consequence of an accidental injury, it may be deemed the result of the injury and not of the disease; under the provisions of a policy requiring that death must result solely from accidental means to create a liability.

**Same:** ACCIDENTAL INJURY: BURDEN OF PROOF. The plaintiff, in an action upon a policy providing liability for death, the result of external, violent and accidental means, has the burden of showing not only the death of the assured but also that it was caused by such means. Proof, however, of the existence of the injury will support a finding that the cause was violent and external, without a showing of the circumstances causing it.

**Same:** ACCIDENTAL INJURY: PRESUMPTION. In the absence of direct evidence on the subject it will be presumed that a personal injury was not intentionally inflicted either by an assured or by another; and this presumption is available as affirmative evidence, from which the jury may infer that it was caused by accidental means.

**Instructions:** REFUSAL OF REQUESTS. The refusal of requested instructions involving matters covered in those given by the court on its own motion is not erroneous.

**Appeal:** REMARKS OF COURT: REVIEW. Remarks of the court urging upon the jury the desirability of agreeing upon a verdict, to which no exception was taken at the time, are not reviewable on appeal.

*Appeal from Jasper District Court.*—Hon. Byron W. Preston, Judge.

Saturday, June 8, 1912.

This is an action upon a certificate of membership in

a mutual accident association. Under the terms and conditions of the certificate, $5,000 became payable to the plaintiff, as beneficiary thereunder, in case of the death of the assured by external, violent or accidental means. The defendant answered with a general denial. It also pleaded affirmatively that the death of the assured was the result of bodily infirmity and disease. There was a trial to a jury, resulting in a verdict and judgment for the plaintiff for the full amount specified in the certificate. The defendant appeals.—*Affirmed.*

*Sullivan & Sullivan,* and *W. O. McElroy,* for appellant.

*Hager & Parrish,* and *L. A. Wells,* for appellee.

EVANS, J.—The assured was Walter E. Caldwell. He died on February 25, 1909. At the time of his death, he was a member of the defendant association. The plaintiff is his widow and the beneficiary of his insurance. Full compliance was had with all formal requirements preliminary to the suit. The controversy between the parties is wholly upon the larger merits of the case. The certificate provides for accident insurance only. The question at issue is: Was the death of the assured caused solely by external, violent or accidental means? The contention of the plaintiff is that on or prior to February 16, 1909, the assured received a slight accidental injury on his left cheek, causing a slight abrasion of the skin, and that this injury resulted in "traumatic erysipelas." It is undisputed that the immediate cause of the death of the assured was erysipelas, which was first developed on February 16th. It is the contention of the defendant that the evidence is wholly insufficient to sustain a finding that any accidental injury was in fact sustained by the assured, or that erysipelas was caused by such alleged injury. The trial court denied the

defendant's motion for a directed verdict, and this ruling is presented for our first consideration.

I. It must be said that there are weak places in plaintiff's chain of evidence. We think it must be said, also, that it was sufficient to make a *prima facie* case, and to go to the jury as such. The attending physician of the assured testified to the discovery of the abrasion of the skin. He also testified to his opinion that the disease from which the assured died was wholly infectious, and could not have resulted, except through infection of some wound or abrasion of the skin. He also testified that it made its first appearance at the edges of the alleged wound, and that in his opinion it resulted solely from the infection of such wound. This testimony was corroborated by other medical testimony. This evidence was sufficient to sustain a finding that the death of the assured was the proximate result of the wound or abrasion referred to. *Delaney v. Modern Accident Co.,* 121 Iowa, 528; *French v. Fidelity Insurance Co.,* 135 Wis. 259 (115 N. W. 869, 17 L. R. A. (N. S.) 1011.)

1. ACCIDENT INSURANCE: proximate cause.

No direct evidence was introduced to show any of the circumstances which caused the wound or abrasion. It was apparently very slight, and would of itself have attracted little attention. Only its existence is shown by direct evidence. How and when it was inflicted does not appear. The burden was at all times upon the plaintiff to show, not only the death of the assured, but that it was caused by violent, accidental, and external means. *Taylor v. Pacific Mutual Life,* 110 Iowa, 621. The appearance of the wound would clearly support the finding that the cause of the wound was violent and external. *Jenkins v. Hawkeye Commercial Association,* 157 Iowa, 113.

2. SAME: accidental injury: burden of proof.

II. The remaining question is: Did the assured receive his wound through accidental means? It has been

repeatedly held that, in the absence of direct evidence on

**3. SAME:**
**accidental**
**injury:**
**presumption.**

the subject, a presumption arises that the wound was not intentionally inflicted either by the assured or by another. This presumption is almost the equivalent of a presumption that the wound was inflicted through accidental means. The authorities, however, stop short of announcing the presumption in this latter form. They do hold, however, that the presumption first stated is available to the plaintiff as affirmative evidence; and that an inference may be drawn therefrom by the triers of fact that the wound was caused by accidental means as the only other alternative. *Jones v. Insurance Co.,* 92 Iowa, 654; *Connell v. Iowa State Insurance Co.,* 139 Iowa, 444; *Travelers' Insurance Co. v. McConkey,* 127 U. S. 661 (8 Sup. Ct. 1360, 32 L. Ed. 308); *Cronkite v. Travelers' Insurance Co.,* 75 Wis. 116 (43 N. W. 731, 17 Am. St. Rep. 184); *Freeman v. Insurance Co.,* 144 Mass. 572 (12 N. E. 372); *Aetna Life Insurance Co. v. Milward,* 118 Ky. 716 (82 S. W. 364, 68 L. R. A. 285, 4 Ann. Cas. 1092); *Preferred Accident Co. v. Fielding,* 35 Colo. 19 (83 Pac. 1013, 9 Ann. Cas. 916).

The defendant presented to the trial court fifteen requested instructions, all of which were refused, and complaint is made of such refusal. Most of the ground covered

**4. INSTRUCTIONS:**
**refusal of**
**requests.**

in such fifteen instructions was included in the instructions given by the trial court on its own motion and in substantial accord with the requested instructions. The requested instructions, however, pointed out the distinction between "accidental death" and "death caused by accidental means," and this distinction was not presented to the jury by the trial court. Clearly there may be a distinction in a given case between an "accidental death" and a "death by accidental means." The case of *Carnes v. Insurance Association,* 106 Iowa, 281, furnishes an illustration of such distinction. In the case before us, however, there was nothing in the record to call

for an instruction upon that subject, and the trial court properly refused it.

III.    After the jury had been deliberating upon their verdict many hours, and had failed to agree, they were brought into court.    Some remarks, were made by the trial

5. APPEAL: remarks of court: review.

judge, urging upon the jury the importance of their reaching an agreement, if they could. These remarks were quite extensive, and they were set out in the record.    Strenuous complaint is made of them, on the ground that they amounted to coercion.    The state of the record will not justify our passing upon this contention.    The remarks were made in the presence of counsel for both parties.    It could not be known to whose advantage such remarks might operate.    Counsel made no objection or exception thereto at the time.    If they were improper, their impropriety was as manifest then as later. It is true that written exceptions to a portion of the remarks of the court were included in the motion for a new trial after the verdict.    The remarks therein complained of are quite within the limits permitted in *State of Iowa v. Richardson,* 137 Iowa, 591.    Other minor points are discussed by appellant; but we find no error in the record.

The judgment below must therefore be,—*Affirmed.*