[Civ. No. 1170.   Second Appellate District.—November 29, 1912.]

## RACHEL A. McEWEN, Respondent, v. OCCIDENTAL LIFE INSURANCE COMPANY (a Corporation), Appellant.

NONSUIT—SETTLED RULE.—It is an elementary and settled rule that a trial judge is not justified in taking the issues of fact in a suit away from the jury, unless the condition of the evidence is such that the plaintiff's case finds no substantial support in it. If there is any evidence at all of a substantial nature, supporting the cause of action alleged in the complaint, a nonsuit should not be granted.

ID.—ACTION ON POLICY OF ACCIDENT INSURANCE—DEATH AS RESULT OF ACCIDENT—IMPROPER NONSUIT—PROPER REMEDY—ORDER GRANTING NEW TRIAL.—In an action on a policy of accident insurance brought by a wife to recover for the death of her husband caused as the result of an accident, where there was evidence for the plaintiff tending to show that the death of the insured husband was occasioned through accident, the question was one for the jury to determine, and the court erred in granting a motion for a judgment of nonsuit at the close of the plaintiff's case. But the court properly remedied the error, by an order granting a new trial to the plaintiff.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial.   J. P. Wood, Judge.

The facts are stated in the opinion of the court.

Benjamin E. Page, and L. T. Chamberlain, for Appellant.

Murphey & Poplin, for Respondent.

JAMES, J.—Plaintiff brought this action as the beneficiary under a policy of insurance against accident and death issued to her husband Charles R. McEwen.   This contract of insurance contained a conditional clause providing that the injuries which might result in the death of the insured, and for which the indemnity was agreed to be paid, should not be "intentionally self-inflicted" and should be "sustained by the insured while sane, and effected directly and independently of all other causes through external, violent and accidental means (suicide, sane or insane, not included)."   Evidence was introduced at the trial showing that the insured, McEwen, died

on the twenty-first day of February, 1910, after having been ill for some time; that on the day prior to his death he was alone in his room and was heard to fall to the floor. Members of his family immediately went to him and had him placed on his bed. He complained of pain in the back of his head, and it was noted that his neck and shoulder had been bruised, that they were black and blue, and a mark or cut was discovered on his arm. He complained of suffering pain in his neck and head. His death resulted shortly after he experienced this fall. At the conclusion of the evidence introduced on behalf of plaintiff, the trial judge made an order granting the motion of defendant for judgment of nonsuit, and thereafter, on the motion of plaintiff, reopened the case and granted a new trial. This appeal is taken by defendant from the latter order.

The grounds assigned by the plaintiff in her notice of motion for a new trial were sufficient to raise the question as to the sufficiency of the evidence to sustain the judgment of nonsuit. The rule is elementary and thoroughly settled that in order to justify a trial judge in taking the issues of fact in suit away from a jury the condition of evidence must be such that it may be said that plaintiff's case finds no substantial support in it. If there is any evidence at all of a substantial nature supporting the essential features of the cause of action alleged in the complaint, then and in that case the motion for judgment of nonsuit should not be granted. In our opinion, there was such evidence in this case tending to show that the death of plaintiff's husband was occasioned through accident, and it was for the jury to consider what weight should be given the facts and circumstances in proof in determining that issue. Had the trial court made its order for judgment of nonsuit at the conclusion of the introduction of all of the testimony and at that time taken the case from the jury, a different rule of review would be applied. We are of the opinion that the trial court erred in granting the motion for judgment of nonsuit, and that the order subsequently made setting aside that judgment and granting a new trial was necessary and appropriate to secure to plaintiff an opportunity of having her case adjudged upon the whole evidence.

The order granting a new trial is affirmed.

Allen, P. J., and Shaw, J., concurred.