WITHERS, RESPONDENT, *v.* PACIFIC MUTUAL LIFE IN-SURANCE CO., APPELLANT.

(No. 4,204.)

(Submitted September 24, 1920. Decided November 15, 1920.)

[193 Pac. 566.]

*Accident Insurance—Death—Complaint—Burden of Proof—Prima Facie Case—Directed Verdict—Presumptions.*

Accident Insurance—Death—Complaint—Sufficiency.
   1.   The complaint in an action to recover upon an accident insurance policy which, among other things, provided for indemnity for loss of life by external, violent and accidental means, alleging, in substance, that the insured sustained bodily injury caused solely by such means, to wit, by a gunshot wound in the neck fired by his wife, *etc.*, *held* sufficient to show accidental death.

Same—Burden of Proof—Rebuttal—Presumptions.
   2.   In the action above, the burden was upon plaintiff to show that death was caused by external, violent and accidental means; whereupon,

   As to provision in accident insurance policy exempting insurer or limiting its liability in case of an injury intentionally inflicted by another, see note in 48 L. R. A. (n. s.) 524.
   Authorities passing on the question of death as within provision exempting insurer, or limiting liability in case of injury intentionally inflicted, are collated in a note in 6 A. L. R. 1338.

to defeat liability under the policy, it was incumbent on the defendant to rebut the case thus made, the presumption being that the shot was fired by decedent's wife accidentally and not with intent to murder.

Same—*Prima Facie* Case—Directed Verdict—When Proper.

3. *Held*, that plaintiff's evidence simply showing that deceased died on a certain day from a wound in the neck caused by a bullet from a revolver fired by his wife, was sufficient to make out a *prima facie* case, and that, in the absence of evidence on the part of defendant, the court was warranted in directing a verdict for plaintiff.

*Prima Facie* Case Made by Plaintiff—Duty of Defendant.

4. Where plaintiff has made a *prima facie* case, the defendant must rebut it or fail in the action.

*Appeal from District Court, Silver Bow County; J. J. Lynch, Judge.*

ACTION by Mary Withers against the Pacific Mutual Life Insurance Company of California. From a judgment for plaintiff and an order denying its motion for a new trial, defendant appeals. Affirmed.

*Mr. Frank W. Haskins, Mr. John F. Davies* and *Mr. Miles J. Cavanaugh,* for Appellant, submitted a brief; *Mr. Cavanaugh* argued the cause orally.

There was no evidence of the accidental nature of any injury received by John Withers.

The plaintiff's whole case rests upon the naked presumption that the injury, if there was an injury, was the result of an accident, while we contend that the evidence rebuts this presumption and shows, if it shows anything, that the shooting was intentional, and under the presumption of law was justifiable, and if justifiable must have been the natural and proximate result of John Withers' own acts, and must have been anticipated by him, and therefore was no accident.

It is a legal presumption that his wife did no wrong when she shot John Withers. This presumption exists at all times and everywhere, and is a presumption the law ever makes. There is a general presumption that all men act rightly. (1 Jones' Blue Book, p. 14, secs. 13–15.) And the presumption is declared by our Code, and by the law generally that Beatrice Withers intended the consequences of her voluntary

acts. (Sec. 7960, Rev. Codes.) At best we are met here with two or more conflicting presumptions, and in such case they nullify each other and leave the matter at large to be proved by positive or direct testimony. (1 Jones' Blue Book, p. 164, sec. 27, p. 488, sec. 100.)

One who voluntarily assaults another—and we must presume that John Withers gave his wife a justifiable cause, if we are to give effect to the presumption of innocence on her part—and is killed does not die by accident. (*Bloom* v. *Franklin Life Ins. Co.*, 97 Ind. 478, 49 Am. Rep. 469; *Globe Accident Ins. Co.* v. *Gerisch*, 163 Ill. 625, 54 Am. St. Rep. 486, 45 N. E. 563; *Cunard S. S. Co.* v. *Kelley*, 126 Fed. 610, 61 C. C. A. 532.) An effect which is the natural and probable result of an act or course of conduct cannot be said to be the result of accidental means. (*Hutton* v. *State Acc. Ins. Co.*, 267 Ill. 267, Ann. Cas. 1916E, 577, L. R. A. 1915E, 127, 108 N. E. 296; *Fidelity & Casualty Co.* v. *Stacey's Exrs.*, 143 Fed. 271, 6 Ann. Cas. 955, 5 L. R. A. (n. s.) 657, 74 C. C. A. 409; *Taliaferro* v. *Travelers' Protective Assn.*, 80 Fed. 368, 25 C. C. A. 494; *Lovelace* v. *Travelers' Protective Assn.*, 126 Mo. 104, 47 Am. St. Rep. 638, 30 L. R. A. 209, 28 S. W. 877; *Gaines* v. *Fidelity & Casualty Co.*, 188 N. Y. 411, 11 Ann. Cas. 71, 81 N. E. 169.) Where the killing was intentional, it cannot be said to have been by accidental means. (*Union Accident Assn.* v. *Willis*, 44 Okl. 578, L. R. A. 1915D, 358, 145 Pac. 812; *Union Casualty etc. Co.* v. *Harrol*, 98 Tenn. 591, 60 Am. St. Rep. 873, 40 S. W. 1080; *Ryan* v. *Continental Casualty Co.*, 94 Neb. 35, Ann. Cas. 1914C, 1234, 48 L. R. A. (n. s.) 524, 142 N. W. 288; *Campbell* v. *Fidelity etc. Co.*, 109 Ky. 661, 60 S. W. 492.)

Decided cases may be found where it is held that, if there is a scintilla of evidence in support of a cause the judge is bound to leave it to the jury. But the modern rule is that there must be sufficient evidence upon which a jury can reasonably base a verdict. How much stronger should the evidence be when the court will be justified in taking the

case from the jury? Our Code provides that only in cases where the question is one of law can the court decide it. In this case there was no direct proof of the fundamental facts of accident and cause of death, and as plaintiff's contention rested merely upon presumption and guesswork, the court was in error in deciding the case in favor of plaintiff. (*National Assn.* v. *Scott,* 155 Fed. 92, 83 C. C. A. 652.)

*Messrs. Maury & Wheeler* and *Mr. A. G. Shone,* for Respondent, submitted a brief.

Courts have held that bare marks of extreme violence is *prima facie* evidence that the death resulted from body injuries through external, violent and accidental means. (*Cronkhite* v. *Travelers' Ins. Co.,* 75 Wis. 116, 17 Am. St. Rep. 184, 43 N. W. 731, 32.)

Counsel for the defendant rely on the proposition that the shooting was intentional, and, under the presumption of law, was justifiable, and if justifiable, must have been the natural and proximate result of John Withers' own acts, and must have been anticipated by him, and therefore was no accident. Injuries intentionally inflicted upon the body of the insured either by his own hand while insane or that of another are deemed accidental and chargeable to the insured, unless excepted from the risks assumed. The policy in question does not except injuries intentionally inflicted upon insured by others, and furthermore, defendant does not plead that the injuries were intentionally inflicted. Intentional injury is a matter of defense, and the burden of proof of such an affirmative defense of intentional injuries being pleaded, is on the defendant. (*Guldenkirch* v. *United States Mut. Acc. Assn.,* 5 N. Y. Supp. 428; *Railway Officials etc. Assn.* v. *Drummond,* 56 Neb. 235, 76 N. W. 562; *Ging* v. *Travelers' Ins. Co.,* 74 Minn. 505, 77 N. W. 291.) If the policy does not provide that the company shall not be liable where the injuries are intentionally inflicted by the insured (as in this case) or any other person, an injury not anticipated nor naturally to be

expected by the assured, though intentionally inflicted by another, is an accident. (*Accident Ins. Co. of North America* v. *Bennett,* 90 Tenn. 256, 25 Am. St. Rep. 685, 16 S. W. 723; *Phelan* v. *Travelers' Ins. Co.,* 38 Mo. App. 640; *Robinson* v. *United States Mut. Accident Assn.,* 68 Fed. 825; *Hester* v. *Fidelity etc. Co.,* 69 Mo. App. 186.) In the case of *Lovelace* v. *Travelers' Protective Assn.,* 126 Mo. 104, 47 Am. St. Rep. 638, 30 L. R. A. 209, 28 S. W. 877, the question arose under the following facts: The deceased, who was insured against death by accident, while a guest in a tavern was provoked by the indecent behavior of another guest. He attempted to expel him from the house and in the struggle which ensued the insured was shot and killed by the one he sought to expel. The death in this case was held to be accidental. The court concluded that the deceased could not reasonably have expected such a fatal termination of his attempt to expel a disagreeable person, since under the circumstances he had no reason to believe the person attacked to be armed. (See, also, *United States Mut. Accident Assn.* v. *Barry,* 131 U. S. 100, 33 L. Ed. 60, 9 Sup. Ct. Rep. 755 [see, also, Rose's U. S. Notes].)

Injuries inflicted by another person upon the insured are considered to be accidents. (*American Accident Co.* v. *Carson,* 99 Ky. 441, 59 Am. St. Rep. 473, 34 L. R. A. 301, 36 S. W. 169.) In the present case there is no evidence showing that Beatrice Withers (John Withers' wife) shot of her own voluntary act. If she did, the intention on her part to kill should have been pleaded and proved by the defendant, otherwise the usual presumption of ordinary accident will exist.

MR. JUSTICE HURLY delivered the opinion of the court.

This action was brought by the plaintiff as beneficiary in an accident insurance policy issued by the defendant company to John Withers, plaintiff's son, which policy provided indemnity for loss of life, limb, sight or time by external, violent and accidental means, excluding suicide or attempts

[1] thereat, *etc.* The complaint alleges the execution and delivery of the policy and performance of conditions on the part of the insured, and then alleges that the insured "sustained bodily injury caused solely by external, violent and accidental means, excluding suicide, sane or insane, or any attempt thereat, sane or insane, to-wit, he was shot in the neck by a bullet from a revolver, the said revolver being shot at the time by John Withers' wife, no further particulars being known to plaintiff; that the effect of such bodily injury was his death within twenty-four hours after he sustained such bodily injury." To this complaint a special demurrer was interposed upon the grounds, among others, that the complaint is uncertain, in that it fails to allege whether the injury sustained by Withers was caused solely by external, violent and accidental means; that no facts are alleged, showing that such injury was the effect of or caused by accidental means; that there are no allegations disclosing the nature or character of the proof to sustain the allegations; that the plaintiff does not allege whether the shooting of deceased was an accident, or intentional upon the part of the wife of deceased, or the probable result of deceased's own unlawful acts; that the complaint contains no sufficient statement of facts concerning the nature and circumstances of the death of Withers. In addition the defendant demurred generally, upon the ground that the complaint does not state a cause of action. These demurrers were overruled, and defendant answered, to which answer there was reply. It is not necessary, however, to discuss the answer or the reply as the issues raised thereby are not involved in this appeal.

The proof introduced was very brief. The testimony on the part of plaintiff was given by the plaintiff and a sister of deceased and an undertaker residing in Butte, none of whom were present in Nevada, the place where the insured met his death, and none of whom purport to testify as to the cause of death except that when he was brought to Butte for burial he had a wound upon his neck over the jugular vein. In

addition, the plaintiff offered the deposition of one Harrison
Russell, an undertaker residing at Las Vegas, Nevada, who
testified that he had known deceased for something like four
months prior to the time he was killed. This witness, after
stating that deceased was killed on Thanksgiving Day, 1916,
testified as follows: "Q. Do you know who killed him?
A. His wife. Q. Do you know how he was killed? With
what instrument? A. With a revolver, I think. Q. Do you
know who fired that revolver? A. His wife."

This testimony was received over objection made at the
trial. The defendant offered no testimony, and the foregoing
is a concise statement of the case as made by the plaintiff.
The defendant moved for a nonsuit upon the ground that the
evidence failed to disclose that the death of the insured was
caused solely by external, violent and accidental means, ex-
cluding suicide, sane or insane, or any attempt thereat, sane
or insane, which motion was by the court denied. The court
granted a motion for directed verdict made by plaintiff, after
denying a motion for nonsuit. From the judgment and an
order denying a motion for new trial defendant appealed.

No citation of authority is given in support of the de-
murrers to the complaint. In our opinion the complaint was
sufficient. In fact, in its essential provisions it is very sim-
ilar to the complaint in *Travelers' Ins. Co.* v. *McConkey*, 127
U. S. 661, 32 L. Ed. 308, 8 Sup. Ct. Rep. 1360 [see, also,
Rose's U. S. Notes], hereinafter cited.

The testimony as to the incidents connected with the death
[2, 3] of the insured is slight, but is sufficient to establish
the death of insured by external and violent means. No
effort was made to strike the answers as not responsive to
questions asked, nor was any attempt made by propounding
preliminary questions to test the sources of the knowledge of
the witness; nor, so far as shown by the record, was any
cross-examination had.

In cases upon accident policies containing provisions similar
to those in the policy sued upon, the burden is, of course,

upon the plaintiff to show that death was caused by external, violent and accidental means, and when the plaintiff has sustained this burden, the defendant must rebut the plaintiff's case, if it is to recover verdict.

It is asserted by defendant that the evidence is as susceptible of being construed as establishing murder of the insured by his wife, or at least an intentional killing of the insured by her act, as of establishing death by accident.

Upon the questions urged, we find many decisions. In the case of *Travelers' Ins. Co.* v. *McConkey,* 127 U. S. 661, 32 L. Ed. 308, 8 Sup. Ct. Rep. 1360 [see, also, Rose's U. S. Notes], it was held that the claimant under the policy must establish by direct and positive proof that the death or injury of the insured was the result, not only of external and violent, but of accidental means, and that the requirement of direct and positive proof does not make it necessary to establish the fact and circumstances of death by persons who were actually present when the insured was injured, but that such proof may be made by circumstantial evidence. Also it was there held that suicide is not to be presumed, nor is it to be presumed that the insured was murdered.

In the leading case of *Jones* v. *United States Mut. Acc. Assn.,* 92 Iowa, 652, 61 N. W. 485, the defendant was shot and killed by another during a quarrel. The court said: "Appellant asked several instructions to the effect that the burden of proof was upon the plaintiff to show that the death of Jones, the beneficiary in the policy, was the result, not only of external and violent means, but also of accidental means. In other words, it was claimed that the burden was upon the plaintiff to show that the death of Jones was accidental, within the meaning of the policy. The court told the jury that if plaintiff had 'shown by the fair weight of the evidence that the assured came to his death as the result of a pistol shot held in his own hands, or in the hands of another, then the law will presume that the shot was accidental, and that it was not inflicted with murderous or suicidal intent. And under such

circumstances the burden will be upon the defendant to overcome this presumption, and to show that the death was not caused by accidental means.' The instruction was correct. It can make no difference, so far as defendant's liability is concerned, whether Wade fired the shot with the intent to kill Jones or not. If he had such intent when he fired the shot, and if Jones was not at fault in the matter—if he did nothing to cause or provoke the act—then, clearly, as to Jones, the injury resulting from the shot was accidental. In the absence of evidence to the contrary, the law presumes that Jones was without fault. There was no direct testimony to show that Wade, in firing the shot, had any intent to injure or kill Jones. Then, the presumption which the law raises where one has been killed by external and violent means, as in this case, that the injury was the result of accident, will prevail until overcome by evidence. *Utter* v. *Travelers' Ins. Co.,* [65 Mich. 545, 8 Am. St. Rep. 913], 32 N. W. 812; *Travelers' Ins. Co.* v. *McConkey,* 127 U. S. 661, [32 L. Ed. 308], 8 Sup. Ct. Rep. 1360 [see, also, Rose's U. S. Notes]; *Mallory* v. *Travelers' Ins. Co.,* 47 N. Y. 52, [7 Am. Rep. 410]; *Accident Ins. Co. of North America* v. *Bennett,* [90 Tenn. 256, 25 Am. St. Rep. 685], 16 S. W. 723. It must also be borne in mind that the provisions and conditions of the policy in the case at bar do not cover, in terms, the case of injuries inflicted upon the assured by another person, and in this respect this case is, in its facts, unlike the *McConkey Case.* There was therefore no error in giving and refusing instructions relating to this matter. 1 American and English Encyclopedia of Law, p. 89; *Supreme Council* v. *Garrigus,* 104 Ind. 133, [54 Am. Rep. 298], 3 N. E. 818; *Hutchcraft's Exr.* v. *Travelers' Ins. Co.,* 87 Ky. 300, [12 Am. St. Rep. 484], 8 S. W. 570; *Accident Ins. Co. of North America* v. *Bennett,* [90 Tenn. 256, 25 Am. St. Rep. 685], 16 S. W. 723." In addition, see, also, *Caldwell* v. *Iowa State Traveling Men's Assn.,* 156 Iowa, 327, 136 N. W. 678; *Taylor* v. *Pacific Mutual Life Ins. Co.,* 110 Iowa, 621, 82 N. W. 326; *Cronkhite* v. *Travelers' Ins. Co.,* 75 Wis. 116, 17 Am. St. Rep.

184, 43 N. W. 731; *Preferred Acc. Ins. Co.* v. *Fielding,* 35 Colo. 19, 9 Ann. Cas. 916, 83 Pac. 1013; *Aetna Life Ins. Co.* v. *Milward,* 118 Ky. 716, 4 Ann. Cas. 1092, 68 L. R. A. 285, 82 S. W. 364; *Freeman* v. *Ins. Co.,* 144 Mass. 572, 12 N. E. 376; *Allen* v. *Travelers' Protective Assn. etc.,* 163 Iowa, 217, 48 L. R. A. (n. s.) 600, 143 N. W. 574; *Stevens* v. *Continental Casualty Co.,* 12 N. D. 463, 97 N. W. 862; also, *Tuttle* v. *Pacific Mut. Life Ins. Co., ante,* p. 121, 190 Pac. 993, and cases cited.

The rule is thus stated in 1 Corpus Juris, 475 (section 278): "Where, however, it is apparent that the injury to or death of the insured was the result of external and violent means, and the issue is as to whether it was due to an accident within the meaning of the policy, or to some cause excepted by the policy, the presumption is in favor of accident and against the existence of facts bringing the case within any of the exceptions of the policy, such as insanity of the insured, intentional injury inflicted by a third person * * * and suicide. These presumptions may, however, be overcome by facts and circumstances establishing the contrary."

It is apparent, therefore, that under the great weight of authority plaintiff's evidence made a *prima facie* case. As [4] said by this court in numerous decisions, when a *prima facie* case is made by plaintiff, the defendant must rebut the case so made, or fail in the action. (*State* v. *Nielsen,* 57 Mont. 137, 187 Pac. 639, and cases there cited.) .

The plaintiff having established *prima facie* the allegations of the complaint, and there being no other evidence offered, the trial court was not in error in directing verdict for plaintiff.

The judgment and order appealed from are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOLLOWAY, MATTHEWS and COOPER concur.