## CHICAGO, INDIANAPOLIS & LOUISVILLE RAILWAY COMPANY v. REYMAN.

[No. 20,352.    Filed March 7, 1906.]

1. APPEAL AND ERROR.—*Transcript.*—*Change of Venue.*—*Original Papers.*—*Clerk's Certificate.*—Where the transcript on appeal contains a copy of the transcript on change of venue which erroneously contained a copy of the complaint, instead of a copy of the complaint as an original paper filed in the trial court, it is sufficient, the clerk's certificate showing that it "contains a full, true and complete copy of all papers and entries in said cause."    p. 279.

2. CARRIERS.—*Perishable Freight.*—*Delays.*—*Negligence.*—Where a carrier accepts perishable fruit for shipment, knowing it is iced only for the usual time required for transportation, it is liable for injuries caused by its negligence in the delay thereof past the usual time for actual delivery.    p. 281.

3. SAME.—*Bailment.*—*Delivery.*—*Notice.*—Where custom requires cars to be located at a certain place for delivery, a carrier's delivery at such point and its readiness to permit the consignee to take possession completes the contract of carriage, though the consignee has no actual notice; but such company still has more than a bare charge.    p. 281.

4. SAME. — *Perishable Freight.*—*Delivery.*—*Delay.*—*Negligence.* —Where the shipper undertook to supply his shipment of perishable fruit with ice, the carrier is not liable for damages caused by heat where the evidence fails to show that the delivery was not made within the usual time or that there was delay in acceptance by the consignee.    p. 282.

From Orange Circuit Court, *Thomas B. Buskirk,* Judge.

Action by Joseph E. Reyman against the Chicago, Indianapolis & Louisville Railway Company. From a judgment for plaintiff, defendant appeals. Transferred from the Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Reversed.*

*E. C. Field, H. R. Kurrie* and *McCart & McCart,* for appellant.

*Mitchell & Mitchell,* for appellee.

GILLETT, C. J.—This action was commenced in the Washington Circuit Court, and was sent on change of venue to the court below. There was a trial by the court, which resulted in a finding and judgment for appellee.

Appellee's counsel contend that the case must be affirmed for the assigned reason that the two paragraphs of complaint set out in the transcript are not in the record; 1. citing *Consolidated Stone Co.* v. *Staggs* (1905), 164 Ind. 331. The basis of the objection to the record lies in the fact that said paragraphs were not copied into the record by the clerk of the court below, as they should have been, as original papers deposited with him, with the transcript. This was evidently due to the fact that the clerk of the Washington Circuit Court had unnecessarily copied said pleadings into his transcript. The clerk of the court below has certified that the transcript "contains a full, true, and complete copy of all papers and entries in said cause." This certificate could not be true except as we assume that said clerk has, in effect, certified to the authenticity of one or both of said paragraphs of complaint, as set out in the transcript which was prepared in the county in which the action originated. Whether one or both of said paragraphs are authentic we may not be able to determine from said certificate, but it is sufficient to inform us that the paragraph or paragraphs on which the case was tried appears in the record. Appellant's answer, which was by way of general denial, was filed in the court below. These facts, without any more precise information, are sufficient to enable us to determine whether the evidence most favorable to appellee was sufficient to uphold the result. The case is distinguishable from *Consolidated Stone Co.* v. *Staggs, supra,* and is within the principle of *Southern Ind. R. Co.* v. *Martin* (1903), 160 Ind. 280, *Perry, etc., Stone Co.* v. *Wilson* (1903), 160 Ind. 435, and *Board, etc.,* v. *Davis* (1904), 162 Ind. 60, 64 L. R. A. 780.

Appellant raises a number of objections to said paragraphs of complaint; but, in view of the condition of the record and of the fact that the cause must be reversed on the evidence, so that objections may be obviated by amendment, we have concluded not to pass upon such questions, aside from such incidental discussion as appears hereafter.

The first paragraph of the complaint is founded on bills of lading, and the second alleges negligence upon the part of appellant as a common carrier of goods. It appears from the evidence that the shipment which gave rise to the case before us consisted of peaches and apples, and the contract of the parties was evidenced by a bill of lading. At the time of said transaction, August 30, 1901, appellant furnished to appellee and a third person a refrigerator car, belonging to Swift & Co., of Chicago, for use on its homeward trip in shipping said fruit to Chicago. The consignment was made to a commission firm of said city, to sell for the consignors. Appellant had no refrigerator car service between Salem, Indiana (the place of shipment), and Chicago, and had no facilities for supplying such cars with ice. As the car furnished had been used on its outward trip for the distribution of fresh meat, it was cool, or partially cool, when said shippers received it, and there was some ice in the tanks of the car at that time. The shippers put in enough ice to make altogether between six hundred and seven hundred pounds. The car was to leave that night (Friday), and would be due in Chicago at 3:40 o'clock Sunday morning. The shippers made no inquiry as to the schedule or as to the probable time of delivery. It was their supposition that the car would reach its destination sometime Sunday, and they put in enough ice, as they testified, to keep the car cool until it reached Chicago. The car is shown to have arrived at appellant's yards, which are situate in the neighborhood of Forty-eighth and Forty-ninth streets in said city, at 4 o'clock Sunday morning. At this point the cars of said train were left by the

regular crew, it being the custom for a switching crew, in the employ of appellant, to distribute from this point the cars of incoming trains. From the time that the car reached the yards until about 8:30 o'clock Monday morning there is a hiatus in the evidence. At the time last mentioned it appears that the car was standing on a teaming track, and the consignee's driver was on hand to unload the fruit. He opened the car, and found that the ice had melted and that the fruit was seriously injured from heat. It does not appear what the usage of the commission trade was with reference to unloading fruit on Sunday, and, as indicated, there is nothing to show when the car reached the teaming track.

Appellant claims an exemption from liability on account of an injury by heat, by virtue of condition number one in its bill of lading. However, the nature of the

2.  service and the other attending circumstances gave rise to an implication that appellant would not negligently permit the fruit to be spoiled by the heat in the event that actual delivery should be delayed beyond the usual time. Note to *Marks* v. *New Orleans Cold Storage Co.* (1901), 90 Am. St. 285, 300. We are of opinion that said provision was not sufficient to

3.  protect appellant as against a charge of negligence. If it was the usage of the trade to receive delivery and unload cars while they were standing in some safe and convenient place for unloading, the location of the car at that point and a readiness upon the part of the company to permit the consignee to take possession might end the contract of carriage, even without notice to the consignee. *Bansemer* v. *Toledo, etc., R. Co.* (1865), 25 Ind. 434; *Cincinnati, etc., R. Co.* v. *McCool* (1866), 26 Ind. 140; *Pittsburgh, etc., R. Co.* v. *Nash* (1873), 43 Ind. 423; *Gregg* v. *Illinois Cent. R. Co.* (1893), 147 Ill. 550, 35 N. E. 343, 37 Am. St. 238. But even after that appellant would have something more than a bare charge.

The difficulty about this case is that there is no proof of any delay in the car's reaching the teaming track, or that there was any delay, beyond the usual time, upon the part of the consignee in accepting delivery.

The shippers' having undertaken to supply the car with ice, appellant had a right to assume, in the absence of notice to the contrary, that they had furnished enough ice to keep the car cool until a delivery to the consignee could, in the ordinary course of business, be had. In view of its contract, appellant's liability had to be predicated upon negligence, and, in the absence of a showing of some default upon its part, it can only be assumed that the injury to the fruit was due to the failure of the shippers sufficiently to ice the car. See 6 Cyc. Law and Proc., 522. The judgment is reversed and a new trial ordered. Appellee is authorized to file an amended complaint.