UNION SCALE CO., Appellee, v. IOWA MACHINERY & SUPPLY CO., W. J. COMBS and W. H. BAKER, Appellants.

**Landlord and tenant:** NONPAYMENT OF RENT: DEMAND: FORFEITURE.
1 No demand for the payment of rent is necessary to fix the right of forfeiture of a lease for its nonpayment, where the lease provides for the payment of a certain rental in advance at a stipulated place and for forfeiture in case of nonpayment.

**Instructions:** DEFINITION OF TERMS.  The term "abandonment" has
2 no such popular or general meaning as that a jury would understand it without an explanation from the court, when used in connection with a provision in a lease authorizing a recovery of possession of the property upon its abandonment by the tenant.

**Leases:** BREACH OF CONDITIONS: INSTRUCTION.  Where a lease pro-
3 vides that the landlord may recover possession of the premises on the tenant's breach of either of several conditions, an instruction that recovery cannot be had except upon proof of a breach of all is erroneous.

**Same.**  Where the tenant is required by the terms of his lease to
4 keep the premises in a sanitary condition as required by ordinance, and in support of an alleged breach of the condition the ordinance is introduced, the court should instruct the jury as to what would constitute a violation of the ordinance and not leave that question for them to determine.

*Appeal from Polk District Court.*— HON. HUGH BRENNAN, Judge.

WEDNESDAY, NOVEMBER 13, 1907.

ACTION at law to recover damages for breach of the conditions of a written lease. Trial to a jury, verdict and judgment for plaintiff, and defendants appeal.— *Reversed.*

*Wooden & Ayres* and *Read & Read,* for appellants.

No appearance for appellee.

DEEMER, J.— Plaintiff leased of defendants certain property in the city of Des Moines for the term of fifty-five months from and after March 5, 1902, and it is claimed by it that it entered upon and occupied the premises paying rent therefor until November, 1902, when defendant refused to accept more rent and denied plaintiff access to the premises. The action is for damages for eviction, or for breach of the covenants of warranty, and for damages due to defendant's failure to put an elevator in the building as agreed. Defendants admitted the execution of the lease; alleged that the failure to put the elevator in the building was due to plaintiff's fault; and further pleaded that plaintiff abandoned the leased premises November 1, 1902, and surrendered the lease, and also averred that plaintiff did not comply with the covenants of lease to be performed by it, by reason whereof the lease was forfeited and terminated, that defendants took possession of the premises with the acquiescence of plaintiff, and that the lease was canceled and determined. They also pleaded an estoppel, based on the facts above recited, and further pleaded a counterclaim for merchandise sold. Upon these issues, the case was tried, resulting in a judgment for plaintiff. Error is predicated upon the instructions given and refused and upon certain rulings in the admission of testimony. By the terms of the lease, the rentals were to be paid monthly in advance for the period of twelve months, and thereafter to comply with other provisions

of the lease.    The lease also contained these further stipulations:

Second party (plaintiff herein) agrees to use the said floor of said premises for the manufacturing of scales and machinery and mercantile purposes and for no other purpose; that it will not use or permit said premises to be used for any unlawful purpose nor permit the same to be damaged or depreciate in value by any action or negligence of its officers or persons in its employ, and it will use proper care and diligence in preserving and caring for the same and that it will at the expiration of this lease or upon default in the performance of any of the conditions of this lease required to be performed by the second party, quit and surrender said premises without further notice, in as good repair as the same now are or may hereafter be placed, unavoidable wear and damage by fire, caused without the fault of second party excepted; that it will not allow anything to be thrown in the waste pipes leading from sinks or water-closets to the sewer which will clog any of them and will repair any damages done to the same; and leave the same in a clean and presentable condition upon removal therefrom and will comply with the ordinances of said city relative to the sanitary conditions of said premises.    It is further agreed that the failure of the party of the second part to comply with any of the terms and conditions of this lease shall make the whole amount of rent due and the party of the first part may proceed to collect the same, or at their election said failure shall work a forfeiture of said lease and of all the rights of the party of the second part hereunder, and the party of the second part shall quit and surrender said premises without any declaration or notice by the parties of the first part (defendants herein) and the parties of the first part may recover possession by action of forcible entry and detainer, etc.

Defendants pleaded a breach of all of these conditions and stipulations — nonpayment of rent, failure to keep the premises in a sanitary condition, that plaintiff did not use the premises for the manufacture of scales and machinery, and abandonment of the premises — and that by reason

thereof defendants declared a forfeiture of the lease and canceled all plaintiff's rights thereunder.

I.    Among other things, the trial court instructed the jury that defendants could not forfeit the lease for nonpayment of rent until they had made demand upon plaintiff for the payment thereof. As the rent was in a fixed amount, was payable in advance and at a given place, to-wit, at the defendant's place of business in Des Moines, and as forfeiture was provided for nonpayment of the rent, no demand was necessary as a condition precedent to a forfeiture.    This is the universal holding of the courts under statutes similar to our own.    *Simon v. Marshall,* 3 G. Greene (Iowa) 502; *Horan v. Thomas,* 60 Vt. 325 (13 Atl. 567); *Spooner v. French,* 22 Minn. 37; *Borden v. Sackett,* 113 Mass. 214; *Ingalls v. Bissot,* 25 Ind. App. 130 (57 N. E. 723); *McGaunten v. Wilbur,* 1 Cow. (N. Y.) 257.    *Cole v. Johnson,* 120 Iowa, 667, is not in conflict with this holding.    In that case no place of payment was designated, and the amount of rent reserved was uncertain and could not be determined without an agreement between the parties.    The necessity of demand in that case was due to these uncertainties.    Our statute (Code, section 4208), authorizes actions of forcible entry and detainer for nonpayment of rent when due, and ordinarily no demand is necessary.

1. LANDLORD AND TENANT: nonpayment of rent: demand: forfeiture.

II.    Although requested so to do, the trial court did not instruct the jury as to what would constitute an abandonment.    This was clearly error, for the term " abandonment," as used in the law, has no such popular and general meaning as that a jury would understand it without definition or explanation. Moreover, in this connection, the trial court so instructed the jury that in order to defeat plaintiff, defendants were bound to prove not only abandonment, but also a noncompliance by plaintiff with certain other of the conditions of the lease.

2. INSTRUCTIONS: definition of terms.

3. LEASES: breach of conditions: instruction.

Either of these propositions was a defense, and defendant was not required to prove both in order to defeat plaintiff.

III.   Defendants pleaded a breach of the stipulations of the lease with reference to keeping the premises in a sanitary condition, and introduced an ordinance of the city of Des

**4. SAME.**

Moines prohibiting the depositing of slops, filthy, offensive, or stagnant water upon premises or in the streets and alleys adjacent thereto; but instead of construing the ordinance, and telling the jury what acts would constitute a violation thereof, the trial court left the matter to the jury for it to find what would be a violation of the ordinance. This was error. The construction of an ordinance is for the court, and not for a jury. *Ingram v. Railroad,* 38 Iowa, 669; *Platt v. Railroad,* 74 Iowa, 131.

There was no error in rulings on evidence of which defendants may justly complain; but, for the errors pointed out, the judgment must be, and it is, *reversed.*