## BENNETT *v.* CHICAGO, INDIANAPOLIS AND LOUISVILLE RAILWAY COMPANY.

[No. 7,884.    Filed April 23, 1912.]

1. TRIAL.—*Instructions.—Peremptory.—Evidence.*—Where there is some evidence in support of every material allegation of the complaint, it is error to direct a verdict for defendant.    p. 265.

2. TRIAL.—*Instructions.—Peremptory.—Consideration of Evidence.* —In passing on a motion to direct a verdict, the court cannot weigh the evidence, but must consider only the evidence favorable to the party against whom the instruction is asked, and treat all facts as true which such evidence tends to establish, and indulge in his favor every inference which the jury might reasonably draw.    p. 266.

3. APPEAL.—*Assignment of Error in Giving Peremptory Instructions.—Briefs.—Sufficiency.*—The rule requiring appellant to set out in his brief a condensed recital of the evidence in narrative form, where the sufficiency of the evidence to sustain the verdict is questioned, does not apply where he seeks a reversal on the ground that it was error to direct the verdict, in which case he need only set out enough of the evidence to show that there is some evidence tending to prove every material averment of his pleading.    p. 266.

4. APPEAL.—*Assignment of Error in Giving Peremptory Instructions.—Briefs.—Presumptions.*—Where appellant seeks a reversal on the ground of alleged error in directing a verdict, it will be presumed that he has set forth in his brief all of the evidence in his favor.    p. 267.

5. MASTER AND SERVANT.—*Injury to Servant.—Action.—Evidence. —Sufficiency.*—Where the complaint, in an action against a railroad company for the wrongful death of an employe, alleged that defendant was negligent in constructing its main track and side-

track too close together and in placing loose gravel between them, in placing cars on the side-track, and in using an oil lamp as a headlight on the engine of its passenger-train, evidence showing that the decedent, who was a brakeman on defendant's freight-train, after being ordered to flag the passenger-train, was found to have been struck and killed by the passenger-train, but which failed in any way to show that his death was caused by reason of either of the alleged negligent acts of the defendant, was not sufficient to sustain a verdict in favor of the plaintiff and a directed verdict for defendant was proper. p. 267.

From Lawrence Circuit Court; *James B. Wilson,* Judge.

Action by John Bennett against The Chicago, Indianapolis and Louisville Railway Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Miers & Corr,* for appellant.

*Brooks & Brooks, E. C. Field* and *H. R. Kurrie,* for appellee.

LAIRY, J.—This action was brought by appellant to recover from appellee damages on account of the death of his minor son, John C. Bennett, who, as alleged in the complaint, was employed by appellee as a brakeman on one of its trains, and while so employed was killed through the negligence of appellee. Issues were formed, and the cause submitted to a jury for trial, and, after the evidence on the part of appellant had been introduced, the jury, acting under a peremptory instruction from the court, returned a verdict in favor of appellee. Appellant objected and excepted to the action of the court in giving this peremptory instruction, and saved the exception by a proper bill. A motion for a new trial was filed, on the sole ground that the court erred in giving this instruction. This motion was overruled, and such ruling is assigned as error on appeal, and presents the only question for decision.

1. It is claimed on behalf of appellant that some evidence was introduced at the trial in support of every material allegation of his complaint. If this is true, the court erred in directing a verdict in favor of appellee.

In passing on such a motion, the court cannot weigh the evidence; but it must consider only the evidence which is favorable to plaintiff, and exclude from consideration all evidence in conflict therewith. It must treat all facts as true which the evidence most favorable to appellant tends to establish, and must indulge in favor of appellant every inference which the jury might reasonably draw. *Howard* v. *Indianapolis St. R. Co.* (1902), 29 Ind. App. 514, 64 N. E. 890; *Curryer* v. *Oliver* (1901), 27 Ind. App. 424, 60 N. E. 364, 61 N. E. 593; *Hall* v. *Terre Haute Electric Co.* (1906), 38 Ind. App. 43, 76 N. E. 334.

Appellant's brief does not contain a condensed recital of the entire evidence in narrative form, but it contains a statement of only such part of the evidence as in the opinion of appellant is favorable to him, and tends to support the allegations of his complaint. Appellee claims that this is not a compliance with the provisions of rule twenty-two, requiring that the evidence in narrative form shall be set out in the brief of appellant in case the insufficiency of the evidence to sustain the verdict is presented by assignment of error. This point is not well taken. In this case, the question of the insufficiency of the evidence to sustain the verdict is not raised by any assignment of errors. In cases where a jury returns a verdict on a consideration of the evidence, and appellant seeks a reversal on the insufficiency of the evidence, it is necessary for him to show that there is a total want of evidence to sustain the verdict on some material point; but in a case where the court has directed a verdict in favor of defendant, and has thus taken from the jury the consideration of the evidence, and appellant seeks to reverse the case on the ground that it was error to direct the verdict, he need only show that there was some competent evidence introduced at the trial tending to prove every material allegation of the complaint. In the former case, the brief must contain a recital of the substance of the entire evidence in order to comply with rule twenty-two. If

any evidence was omitted, it would be presumed, in favor of the judgment, that the part so omitted sustained the verdict. In the latter case, however, appellant need only set out enough of the evidence to show that there is some evidence tending to prove every material averment of the complaint. If this is done, the error becomes apparent, and other evidence of a contradictory character cannot affect the question.

The complaint alleges that defendant was negligent in constructing its main track and its side-track too close together on a curve; that it had negligently placed box-cars on the side-track, and that it had negligently placed loose gravel between the main track and the side-track; that the headlight of the engine of train No. 4 was a coal-oil lamp, instead of an electric light such as is commonly used; and that there were obstructions in the neighborhood of the curve which prevented plaintiff's son from observing the approach of the train. It is also averred that the engine drawing the train on which plaintiff's son was employed was defective, and failed to make steam, and that it went dead on the track; that the conductor ordered plaintiff's son to go forward and flag No. 4; that the order given him by the conductor was one to which plaintiff's son was required to conform, and that while he was endeavoring to flag said train, he was killed by reason of the alleged negligence of defendant.

It is to be presumed that appellant has set forth in his brief all the evidence favorable to him on the subject of the alleged negligence of appellee. We are not required to search the record to discover other evidence in his favor tending to prove negligence.

The evidence set forth by appellant as being favorable to him, tending to prove the allegations in the complaint, is, substantially, as follows: Appellant's son was a brakeman in the employ of appellee, and was, on the night that he was killed, working on a freight-train. The train was going south, and was to meet the night north-

bound passenger-train, No. 4, at Cloverdale. The engine of the freight-train began leaking, and failed for steam and water, and appellant's son was instructed by his conductor to go ahead and flag No. 4. The conductor followed him towards Cloverdale, and found that he had been struck by No. 4, and killed. At the point where the body was found there was a very sharp curve in the main track, and along the east side of the main track there was a side-track, on which, at the time of the accident, stood several box-cars. Immediately east of the side-track at this point was a mill or elevator, and other buildings, and if there was a headlight on the approaching train it could not have been seen to exceed 250 feet towards the south. The distance from the center of the main track to the center of the side-track was about eleven feet. The box-cars projected over the rails of the side-track two feet, and the length of the pilot or deadwood of the engine of train No. 4 was nine feet and two inches. The side-track appeared to be about one foot lower than the main track, and the space between them was covered with rough gravel.

The evidence set out fails to show that the death of appellant's son was caused by reason of the fact that the sidetrack was constructed in too close proximity to the main track. It shows that the distance from the center of the main track to the center of the side-track was about eleven feet, but it does not show that such proximity was unusual in the construction of railway sidings, or that it was dangerous in the ordinary operation of railroads. The evidence set out does not show that the person killed was between the main track and the box-cars on the siding at the time he was struck, nor that he was endeavoring to escape from the main track in that direction, and was prevented from so doing by reason of the proximity of said box-cars. It is not disclosed by the evidence that the loose gravel in anyway caused the injury, or that the defective headlight, or the obstructions along the track, prevented appellant's son from observing

the approach of the train until too late to avoid the injury. On the other hand, it shows that the headlight could be seen for a distance of 250 feet. The evidence was not sufficient to sustain a verdict in favor of appellant, and the trial court did not err in directing a verdict for appellee.

Judgment affirmed.

NOTE.—Reported in 98 N. E. 192. See, also, under (1) 38 Cyc. 1576; (2) 38 Cyc. 1586; (4) 3 Cyc. 306; (5) 26 Cyc. 1442. For a discussion of the duty and liability of a railroad company to a train employe sent out to flag an approaching train, see 18 Ann. Cas. 1143, As to the propriety of a court's instructing the jury on matters of fact, see 14 Am. St. 36.