GWINN ET AL. *v.* HOBBS ET AL.

[No. 9,474. Filed December 19, 1917. Rehearing denied April 30, 1918. Transfer denied February 3, 1920.]

1. APPEAL.—*Record.—Transcript of a Transcript.—Clerk's Certificate.*—On appeal from the judgment of a circuit .court to which the cause had been taken on a change of venue, a transcript of a transcript of the complaint is sufficient, where the transcript on appeal bore the certificate of the clerk of the court from which the appeal was taken showing that it embraced a full, true and complete transcript of the entire record in the cause, including all pleadings, etc., as required by the *praecipe,* and appellee does not contend that the copy of the complaint contained in the transcript is not in fact the one on which the cause was tried. p. 445.

2. APPEAL.—*Briefs.—Failure to Set Out Assignment of Errors.*—An appellant's brief containing a short and clear statement of the errors relied on for reversal is sufficient without copying the assignment of errors into the brief, but in such case appellant will be confined to the errors thus stated. p. 447.

3. APPEAL.—*Briefs.—Sufficiency.—Recital of Evidence.*—Though the condensed recital of evidence in appellant's brief is subject to criticism, the brief will not be rejected for that reason, where there has been a good-faith effort to comply with the rules of

court especially where, when considered in connection with the recital of facts set out in appellee's brief, the court can intelligently consider the questions presented for determination, and it is immaterial that appellee disavows any intention of supplying any omission in appellant's brief. p. 447.

4. APPEAL.—*Briefs.—Sufficiency.—Propositions and Points.—Scope of Review.*—Where appellant's brief shows by proper heading that the propositions or points, numbered from one to seven bear on the alleged errors of the trial court in striking out and refusing to permit the filing of an affirmative answer and cross-complaint, and by another shows that the propositions or points, numbered from eight to seventy-seven, bear on the alleged error of the trial court in overruling his motion for a new trial, such propositions will be considered, although there are no subheadings to indicate to what specific errors the numerous propositions or points apply, to the extent that the court is enabled to understand, by information supplied by the propositions themselves, to what alleged errors they are intended to apply. p. 448.

5. APPEAL.—*Briefs.—Questions Presented.—Admission of Evidence.*—Where objections to the admission of evidence appear only in the argument in appellant's brief, and exceptions to the rulings of the trial court thereon are shown only by inserts following certain questions set out in what purports to be a verbatim copy of the motion for a new trial, but which the record discloses is no part thereof, no question is presented for review involving the admission of evidence, since the brief fails to comply with Rule 22, cl. 5, of the Appellate Court, governing the preparation of briefs, which requires that such facts be embraced in a concise statement of so much of the record as fully presents every error and exception relied on. p. 448.

6. APPEAL.—*Briefs.—Rules of Court.—Good-Faith Compliance.*—Where appellant's brief shows a good-faith effort to comply with the rules of court relating to the preparation of briefs, the questions sought to be presented, as far as they can be ascertained, will be considered. p. 449.

7. TRIAL.— *Instructions.—Exceptions.—Statutes.—Construction.*—Section 561 Burns 1914, Acts 1907 p. 652, providing that exceptions to instructions may be taken by the entry of a specified memorandum at the close thereof, signed by the excepting party or his counsel, did not repeal §560 Burns 1914, §535 R. S. 1881, providing that such exceptions may be taken by the entry of a specified memorandum at the close of each instruction, which shall be dated and signed by the judge, so that exceptions to instructions, taken in accordance with the latter statute at the time such instructions were given or refused, are valid. p. 449.

8. EXCEPTIONS, BILL OF.—*Time for Filing.*—In view of §656 Burns 1914, §626 R. S. 1881, a bill of exceptions containing the instructions need not necessarily be filed at the term in which they were given, or within a time given at such term, it being sufficient if the bill is filed within the time given on overruling a motion for new trial. p. 451.

9. APPEAL. — *Bill of Exceptions. — Recitals. — Conclusiveness.* — Where a bill of exceptions which is properly a part of the record recites the giving and refusal of certain instructions, and that appellant excepted at the time, the bill is conclusive evidence as to such matter. p. 451.

10. APPEAL.—*Briefs.—Sufficiency.—Requested Instructions.—Signing.—Statute.*—Although error cannot be predicated on the refusal of tendered instructions that are not signed by the parties making the request therefor or their attorneys, where the sufficiency of appellant's brief, and not of the record, is challenged as not showing that requested instructions, which were refused, were so signed and the brief contains the body of appellant's purported request, preceding the instructions in question, which recites that they were tendered and their giving requested by appellant, the instructions will be reviewed, although the request was not followed by a copy of the signatures of appellant or his attorneys, especially where no claim is made that the record itself fails to show such signing. p. 452.

11. APPEAL.—*Review.—Harmless Error.—Striking Out Answer.*— In an action to quiet title all defenses may be proved under a general denial, so that it is not error to strike out an affirmative paragraph of answer in such an action, where there is a general denial. p. 453.

12. APPEAL.—*Review.—Harmless Error.—Refusal to Permit Filing of Answer.—Quieting Title.*—Defendant in an action to quiet title was not harmed by the denial of his motion for leave to file an affirmative paragraph of answer, where he later filed a general denial and proceeded to trial, since all defenses could be proved under that answer. p. 453.

13. APPEAL.—*Review.—Harmless Error.—Refusing Leave to File Cross-Complaint.—Quieting Title.*—In an action to quiet title, where defendant went to trial under an answer of general denial, he had the right to introduce evidence of every defense, including that of superior title in himself, and it will be presumed on appeal that he availed himself of that right; hence he was not harmed by the refusal to allow him to file a cross-complaint averring ownership of the land involved and seeking to have his title thereto quieted. p. 453.

14. APPEAL.—*Briefs.—Waiver of Error.—Propositions and Points.*

—Alleged error of the trial court in overruling appellant's motion to strike out evidence is waived by appellant's failure to support such assignment by propositions or points in his brief, together with authorities thereon, as required by Rule 22, cl. 5, of the Appellate Court governing the preparation of briefs.  p. 454.

15.  QUIETING TITLE.—*Right to Jury Trial.—Equitable Matters.*— In an action to quiet title where plaintiff claimed a legal title, the refusal of the trial court to take the case from the jury for trial by the court because plaintiff set up matters of an equitable nature was proper, since an action to quiet title is triable by jury in any event.  p. 454.

16.  QUIETING TITLE.—*Evidence.—Deeds.—Avoidance.*—In an action to quiet title where plaintiff claimed a legal title, he was within his rights in offering in evidence a deed from the ancestor, through whom he claimed as an heir, to defendant and in introducing evidence tending to show the invalidity of such deed, since, if such fact was established, it would show a legal title as alleged in the complaint.  pp. 455, 456.

17.  DEEDS.—*Validity.—Delivery.*—If a deed is not delivered, it is void for want of execution.  p. 455.

18.  DEEDS.—*Validity.—Undue Influence.*—A deed executed while the grantor was of unsound mind or through undue influence of the grantee, is voidable only, but becomes ineffective on disaffirmance.  p. 456.

19.  TRIAL.—*Instructions.—Directing Verdict.*—In passing on a motion to direct a verdict for defendant, the trial court should consider only the evidence favorable to plaintiff, and it must treat all facts which the evidence tends to prove as true, and indulge every inference in favor of plaintiff which the jury might reasonably draw.  p. 456.

20.  QUIETING TITLE.—*Issues.—Invalid Deed.—Statu Quo.*—In an action to quiet title, where plaintiff claimed that a deed from the ancestor, through whom he claimed as heir, to defendant was void or voidable, where there was some evidence warranting a finding that defendant had paid no consideration, or that the deed was executed under such circumstances that the grantee was not entitled to be placed in *statu quo*, it was not error to refuse an instruction directing a verdict for defendant, although there was no evidence of an offer to place him in *statu quo*. p. 457.

21.  APPEAL.— *Review.— Instructions.— Misleading Instructions.— Reversible Error.*—In an action to quiet title where plaintiff contended that a deed from the ancestor, through whom he claimed as heir, to defendant was void or voidable, the giving of an instruction that, if grantor's weakness of mind or enfeebled con-

dition was shown, the jury could consider the same in determining whether his will or mental faculties were overcome by "stress of circumstances and by undue influence exerted by the grantee," was prejudicial error, since the law does not recognize stress of circumstances, whether existing alone or in conjunction with undue influence, as grounds for setting aside a deed.    pp. 457, 458.

22.   DEEDS.—Validity.—Undue Influence.—Stress of Circumstances.
—The law recognizes fraud, mistake, unsoundness of mind and undue influence as grounds for setting aside a deed, but not stress of circumstances, whether existing alone or in conjunction with undue influence.    p. 458.

23.   DEEDS.—Validity.—Mental Capacity.—Disinheriting Children.
—In an action to quiet title, an instruction that a person's children are recognized by the law as the natural objects of his bounty and, when he executes a deed to serve as a distribution of his property and without reason disinherits such children, the jury could consider that fact in determining whether grantor was of unsound mind, was erroneous, since the law does not recognize children as the natural object of a parent's bounty.    p. 458.

24.   WITNESSES.—Competency.—Action by Heirs.—Mental Capacity of Ancestor.—Opinions.—Although in an action by heirs to obtain title to property in the right of an ancestor within the meaning of §522 Burns 1914, §499 R. S. 1881, none of the parties to the suit are competent witnesses as to any matter occurring prior to the death of the ancestor, such heirs can give their opinion as to the mental capacity of the ancestor, and other matters which occurred prior to the ancestor's death may be testified to as a foundation for the opinion, but such testimony should not be considered as tending to establish any such matters as substantive facts to be given weight in determining the issues of mental capacity or undue influence.    p. 459.

25.   APPEAL.—Review.—Instruction Limiting Use of Evidence.—Action by Heirs.—Mental Capacity of Ancestor.—Opinions.—In an action by heirs to obtain title to property in the right of an ancestor within the meaning of §522 Burns 1914, §499 R. S. 1881, in which the mental capacity of the ancestor to execute a valid deed was involved, where certain heirs testified as to such ancestor's mental condition, an instruction that the testimony of certain heirs as to what transpired in the presence of the ancestor prior to her death should be considered only as it might "throw some light" upon her mental condition, does not expressly limit such testimony to be considered as a foundation for an opinion as to mental capacity, and was erroneous, especially where undue influence was also an issue, as the jury would have been warranted in considering the substantive facts which such

testimony tended to establish in determining the question of mental capacity. p. 461.

26. APPEAL.—*Review.*—*Refusal of Instructions.*—*Legal Phrases.*— *Duty to Define.*—Where, in an action to quiet title, the question whether a certain deed was invalid because secured by undue influence was a material issue, it was error for the court to refuse tendered instructions defining "undue influence" in the absence of a proper instruction on that subject, since it is the duty of the court to define in its instructions technical or legal phrases in connection with material issues when properly and timely requested to do so. p. 461.

From Clinton Circuit Court; *Joseph Combs,* Judge.

Action by Anna Hobbs and others against James M. Gwinn and others. From a judgment for plaintiffs, the defendants appeal. *Reversed.*

*Christian & Christian, Joseph A. Roberts, Ayres & Ayres, Sheridan & Gruber* and *Korbly & New,* for appellants.

*Kent & Ryan, Gentry & Campbell* and *Shirts & Fertig,* for appellees.

BATMAN, J.—This is an action brought by appellees against appellants to quiet their title to an undivided three-fourths part of certain real estate. The record discloses that this cause was put at issue by an answer in general denial and a trial had, resulting in a judgment in favor of appellees; that thereafter appellants obtained a new trial as a matter of right; that subsequently to the granting of such new trial appellants filed an affirmative paragraph of answer, which was afterwards, on motion of appellees, stricken out by order of court; that appellants subsequently by leave of court withdrew their answer in general denial, and asked leave to file an affirmative answer, which they duly tendered; that the court refused such leave and rejected such tender; that appellants thereupon

filed their answer in general denial, and appellant James M. Gwinn also tendered and asked leave to file a cross-complaint against appellees, by which he sought to have the court decree that he was the owner of the real estate described in the complaint; that appellees objected to the filing of such cross-complaint, which objection was sustained by the court. The cause was subsequently tried on the issue thus formed, resulting in a judgment in favor of appellees, quieting their title to the real estate described in the complaint. Appellants filed their motion for a new trial, which was overruled, and now prosecute this appeal.

Appellees seek to avoid a consideration of this appeal on its merits because of certain alleged infirmities in the record and in appellants' brief. They insist that the record does not present any question for our consideration for the reason that the complaint on which the case was tried is not properly certified to this court, as it only appears in the record as a transcript of a transcript. An examination of the record discloses that this action was begun in the Hamilton Circuit Court, and was afterwards transferred to the Clinton Circuit Court on a change of venue, where the parties appeared, trial was had, after an attempt to make further issues, and the judgment rendered, from which this appeal is prosecuted. On the first page of the transcript, following the introductory caption and title of the cause, is the following recital: "Be it remembered, that heretofore on the 7th day of November, 1913, a transcript was filed in the above entitled cause in the circuit court of Clinton County, State of Indiana, on change of venue from the circuit court of Hamilton county, State of Indiana, which transcript reads in the words and fig-

ures following, to wit:'' Then follows a copy of a complaint to quiet title, bearing the same title and a caption, indicating that it had been a part of the files of the Hamilton Circuit Court. The *praecipe* filed by appellants for a transcript for use on appeal, after entitling the cause, calls for ''a full, true, and complete transcript of the entire record in the above entitled cause, including all records, motions, entries, papers, pleadings, orders, rulings,'' etc. The certificate of the clerk then follows, and certifies ''that the above and foregoing transcript contains full, true, and correct copies of the originals of all papers and the order book entries, * * * required by the above and foregoing praecipe.'' Under the conditions of the record as stated, the decisions are adverse to appellees' contention. In the cases of *Chicago, etc., R. Co.* v. *Reyman* (1906), 166 Ind. 278, 76 N. E. 970, and *Indianapolis, etc., Transit Co.* v. *Andis* (1904), 33 Ind. App. 625, 72 N. E. 145, where similar questions were presented, the complaints did not appear in the transcripts on appeal as copies of the originals, but appeared in such transcripts only in the copies of the transcripts from the courts from which changes of venue had been taken. The certificates to these transcripts on appeal were in effect the same as in the instant case, and the courts held that such transcripts sufficiently showed that the records contained a copy of the complaints on which such causes were tried. We therefore conclude that we are warranted in treating the complaint copied in the transcript as the one on which the case was tried, and especially since there is no contention that it is not in fact such complaint. The conclusion we have reached finds support in the case of *Bright Nat. Bank* v. *Hartman* (1916), 61 Ind. App. 440, 109 N. E. 846.

It is claimed by appellees that appellants' assignment of errors is not shown in such brief. In this regard it is only necessary that an appellant's brief shall contain a short and clear statement disclosing "the errors relied upon for a reversal." In this case appellants have stated seven such errors. This is sufficent without copying the assignment of errors into the brief bodily, but appellants will be confined to the errors thus stated. *Judy* v. *Woods* (1912), 51 Ind. App. 325, 99 N. E. 792. However, in this case such statement contains all the errors assigned, as disclosed by the record.

2.

It is further claimed that appellants' brief does not contain "a condensed recital of the evidence in narrative form, so as to present the substance clearly and concisely," as required by the rules, and therefore this court cannot determine any question which requires a consideration of the evidence. The recital of the evidence, as contained in appellants' brief, might be improved, as could be said in many instances, but this does not require its rejection, where there appears to have been a good-faith effort to conform to the practice specified. *Hall* v. *Terre Haute Elec. Co.* (1906), 38 Ind. App. 43, 76 N. E. 334. We consider such recital sufficient to enable the court to intelligently consider the questions determined herein, and especially when considered in connection with the recital of facts set out in appellees' brief. *Inland Steel Co.* v. *Harris* (1911), 49 Ind. App. 157, 95 N. E. 271. True, appellees expressly disavow any intention of supplying any omission in appellants' brief by such recital, but its effect cannot be thus limited. *Parker* v. *Boyle* (1912), 178 Ind. 560, 99 N. E. 986.

3.

It is also claimed that appellants' brief does not contain "under a separate heading of each error relied on, separately numbered propositions or points," as required by the rules. Appellants' brief, as amended, now shows by a proper heading that the propositions or points stated in their brief, numbered from 1 to 7, inclusive, bear on the alleged errors of the court in striking out and refusing to permit the filing of an affirmative answer and a cross-complaint, and by a like heading shows that such propositions or points, numbered from 8 to 77, inclusive, bear on the alleged error of the court in overruling their motion for a new trial. There are no subheadings to indicate to what specific errors the numerous propositions or points apply, but this omission is cured in many instances by information supplied in the propositions or points themselves, as by giving the numbers of the instructions to which they are intended to be applied. To the extent that such omission is so far cured as to enable the court to understand to what alleged errors such propositions or points apply, they will be considered.

Appellees make the further contention that appellants present nothing in their brief for our consideration on the questions involving the admission of evidence, as such brief does not properly show what objectons, if any, were made to the admission of such evidence, or that any exceptions were taken to the rulings of the court thereupon. An examination of appellants' brief discloses that the only place any such objections are shown is in the argument, and the only way any such exceptions are shown is by inserts following certain questions set out in what purports to be a verbatim copy of the

motion for a new trial, but which the record discloses is no part of the same. Such attempt to show such facts does not follow the evident intent of Rule 22 governing the preparation of appellants' brief, and should not be approved. Such facts should be contained in the "concise statement of so much of the record as fully presents every error and exception relied on," as provided in the fifth clause of such rule, and should precede the "propositions or points" referred to in the latter part thereof, and the argument mentioned in Rule 24. It follows that no question with reference to the admission of the evidence is properly presented for our determination.

Appellees have urged other minor objections to appellants' brief, none of which appear to us to be substantial, in view of the repeated decisions

6. of this and the Supreme Court, that where a good-faith effort to comply with the rules relating to the preparation of briefs is shown, the questions so presented, as far as they can be ascertained, will be considered. *Town of New Carlisle* v. *Tullar* (1916), 61 Ind. App. 230, 110 N. E. 1001; *Zeigler* v. *Knotts* (1917), 64 Ind. App. 141, 115 N. E. 343; *Underhill* v. *State* (1916), 185 Ind. 587, 114 N. E. 88; *Repp* v. *Indianapolis, etc., Traction Co.* (1916), 184 Ind. 671, 111 N. E. 614.

It is further contended by appellees that no valid exceptions were taken to the instructions prior to the ruling on the motion for a new trial, and that,

7. therefore, the correctness of the rulings on such instructions is not before the court for consideration. This contention is based on a claim that the instructions were filed and made a part of the record at the term at whcih the cause was tried

and verdict rendered without a bill of exceptions, but that no exceptions were noted in the entry, nor on the margin at the close of the instructions, signed by counsel and dated, as required by §561 Burns 1914, Acts 1907 p. 652; that no time was given within which to file a bill of exceptions containing the instructions at such term or prior to filing the motion for a new trial; that the motion for a new trial was not filed until a subsequent term, and not ruled upon until a later term, and that thereafter the bill of exceptions containing the instructions was signed and filed; that by reason of such facts, under the rule laid down in the case of *Providence, etc., Ins. Co.* v. *Wolf* (1907), 168 Ind. 690, 80 N. E. 26, 120 Am. St. 395, this court cannot consider the alleged errors relating to such instructions. In making such contention appellants assume that §561 Burns 1914, *supra,* which provides that exceptions to instructions may be taken by the entry of a specified memorandum at the close thereof, signed by the excepting party or his counsel, repealed §560 Burns 1914, §535 R. S. 1881, which provides that such exceptions may be taken by the entry of a specified memorandum at the close of each instruction, which shall be dated and signed by the judge. Appellees in so assuming are in error, as both sections are in force. *Hoffbauer* v. *Morgan* (1909), 172 Ind. 273, 88 N. E. 337. The record discloses that a proper memorandum was entered, in accordance with §560, *supra,* showing proper exceptions to the instructions on behalf of appellants at the time such instructions were given and refused. It follows that the contention, that no valid exceptions to the instructions were taken, prior to the ruling on the motion for a new trial, cannot be sustained.

But if it be conceded that the only references made

to the instructions in appellants' brief are to those set out in the bill of exceptions, and that by reason of such fact we are limited in our consideration to those so set out, as contended by appellants, still our conclusion must be the same. A bill of exceptions containing the instructions need not. necessarily be filed at the term in which they were given, nor within a time given at such term. It is sufficient if filed within the time given on overruling a motion for a new trial. §656 Burns 1914, §626 R. S. 1881; *Bement* v. *May* (1893), 135 Ind. 664, 34 N. E. 327, 35 N. E. 387; *Wagner* v. *Weyhe* (1905), 164 Ind. 177, 73 N. E. 89; *Rose* v. *State* (1909), 171 Ind. 662, 87 N. E. 103, 17 Ann. Cas. 228. Such bill of exceptions when so filed becomes a part of the record, and is conclusive evidence in this court of the facts stated. The bill of exceptions under consideration recites the giving and refusing of such instructions, and states that appellants at the time excepted. It is therefore apparent that such exceptions were taken prior to the ruling on the motion for a new trial. The case of *Providence, etc., Ins. Co.* v. *Wolf, supra,* cited by appellees, evidently has no application where exceptions are actually taken at the time of the ruling of the court on instructions, as in the instant case, and afterwards made a part of the record by a bill, but only where the excepting party proceeds under §560 or §561, *supra,* and the written exceptions bear a date subsequent to the action of the court in ruling on the motion for a new trial.

Appellees make the further contention that the court cannot consider any of the alleged errors

relating to the refusal of the court to give instructions requested by appellants, for the reason that appellants' brief does not show that they were signed by the parties requesting the same or their attorneys, as required by §558 Burns 1914, §533 R. S. 1881. That such instructions must be so signed before error can be rightfully predicated on such refusal is well settled. *Terry* v. *Davenport* (1908), 170 Ind. 74, 83 N. E. 636; *Pittsburgh, etc., R. Co.* v. *O'Conner* (1909), 171 Ind. 686, 85 N. E. 969; *Retsek* v. *Harbart* (1911), 176 Ind. 441, 96 N. E. 386. However, the question presented by appellees in this regard does not go to the sufficiency of the record, but to the sufficiency of appellants' brief, which is a far different matter. It would be unreasonable to hold that every essential detail of a record must be shown in a brief in order to conform to the rules relating to a concise statement of the record. To so hold would require a technical rather than a substantial compliance. The brief contains the body of a purported request on behalf of appellants, preceding the instructions in questions, which recites that they were tendered and their giving requested by appellants. True, it is not followed by a copy of their signatures or that of their attorneys, as would have been well, but we do not consider such omission in the brief, under the circumstances, to be of such importance as to require us to refuse to consider such instructions on that account, and especially in view of the fact that no claim is made that the record itself fails to show that such requested instructions were not properly signed by appellants.

Appellants predicate errors on the actions of the court in sustaining appellees' motion to strike out,

and in striking out appellants' affirmative answer, and in overruling appellants' motion for leave to file an affirmative answer. These alleged errors will be considered together, as they involve the same question. It will be observed that this is an action begun by appellees to quiet title to certain real estate. In such an action all defenses may be proved under a general denial and hence it is not error to strike out an affirmative paragraph of answer. *Mason* v. *Roll, Exr.* (1892), 130 Ind. 260, 29 N. E. 1135; *Beasey* v. *High* (1904), 33 Ind. App. 689, 72 N. E. 181. In this case appellants had an answer of general denial on file, when the court struck out appellants' affirmative paragraph, and hence there was no error in so doing. But appellants had withdrawn their general denial at the time the court refused to permit the filing of the affirmative answer, subsequently tendered. However, the record shows that on such refusal appellants filed an answer in general denial and proceeded to trial. Therefore they were not harmed by such refusal, as they could prove under the answer so filed any defense set up in the rejected answer. It follows that said first and second alleged errors cannot be sustained.

Error is also predicated on the action of the court in refusing to allow appellant James M. Gwinn to file a cross-complaint against appellees in which he sought a judgment decreeing that he was the owner of the real estate claimed by them in their complaint and quieting his title thereto. The record discloses that at the time the court refused to permit the filing of such cross-complaint by appellant, he had answered appellees' complaint by a general denial, and thereafter proceeded to trial on the

issues thus made. He thereby had the right and an opportunity of introducing evidence of every defense he had to such action, whether legal or equitable. §1101 Burns 1914, §1055 R. S. 1881; *Beasey* v. *High, supra; Chicago, etc., R. Co.* v. *Grantham* (1905), 165 Ind. 279, 75 N. E. 265. This, of course, included a right to introduce evidence of a superior title in himself, if any, and it will be presumed on appeal that he availed himself of such right. If he did not do so, it was his own neglect, of which he cannot now be heard to complain. Under the evidence submitted on the issues joined, the jury found against appellant. It is therefore apparent that he could not have recovered on such cross-complaint, had its filing been permitted. Under such circumstances, such ruling, if erroneous, did not harm appellant, and would not constitute reversible error. *Hall* v. *Hedrick* (1890), 125 Ind. 326, 25 N. E. 350; *Horace F. Wood Transfer Co.* v. *Shelton* (1913), 180 Ind. 273, 101 N. E. 718.

Appellants have waived their alleged error relating to the action of the court in overruling appellants' motion to strike out part of the preliminary examination of James M. Gwinn, by failing to support the same by propositions or points, together with the authorities thereon, as required by the fifth clause of Rule 22 governing the preparation of briefs. *Leach* v. *State* (1912), 177 Ind. 234, 97 N. E. 792; *Holler* v. *State* (1914), 182 Ind. 268, 106 N. E. 364.

It appears that on the trial of said cause appellees introduced in evidence a deed from their ancestor, Sarah C. Kaufman, through whom they claim as heirs, to appellant James M. Gwinn, which they sought to avoid by evidence of its in-

validity. It is contended that such act drew the cause into equity, and hence the court erred in overruling their motion, made at the close of plaintiff's evidence, to take the case from the jury and try the same by the court. It is further contended that such deed disclosed that the legal title to the real estate in question was in said appellant, and that appellees at most had only an equitable claim thereto, and hence they could not recover in this action, as they had based their action on a legal title and could only recover on proof of such title.. We are unable to concur with appellants in either of these contentions. It is to be noted that this is simply a suit to quiet title, and hence triable by jury in any event. *Puterbaugh* v. *Puterbaugh* (1892), 131 Ind. 288, 30 N. E. 519, 15 L. R. A. 341; *Monnett* v. *Turpie* (1892), 133 Ind. 424, 32 N. E. 328; *Baxter* v. *Baxter* (1910), 46 Ind. App. 514, 92 N. E. 881, 1039; *Macy* v. *Wood* (1912), 49 Ind. App. 469, 97 N. E. 553. Therefore it was not error to refuse to take the case from the jury and try the same by the court as requested by appellants.

16. It will be further noted that appellees not only introduced such deed in evidence, but also introduced in evidence the contract between the same parties, the disaffirmance of such deed, and evidence to prove that it had not been duly executed. In so doing, they were clearly within their rights. *Studabaker* v. *Faylor* (1908), 170 Ind. 498, 83 N. E. 747, 127 Am. St. 397, and cases cited.

If such deed had not been delivered, it was void for want of execution. If executed while the grantor was of unsound mind, or through the undue

17. influence of the grantee, it was voidable only, and appellees could render it ineffective by

their disaffirmance. This is in accord with the repeated decisions of the Supreme Court to the effect that it is the act of disaffirmance which destroys a voidable deed, and not the proceedings which may have been taken to give force and effect to the disaffirmance after it has been made. *Long* v. *Williams* (1881), 74 Ind. 115; *Ashmead* v. *Reynolds* (1891), 127 Ind. 441, 26 N. E. 80; *Downham* v. *Holloway* (1902), 158 Ind. 626, 64 N. E. 82, 92 Am. St. 330.

By the introduction of the evidence indicated, appellees were evidently attempting to show that such deed had been avoided by their act of disaffirmance, and hence they were the owners of such real estate by inheritance, as heirs of their deceased ancestor, Sarah C. Kaufman. If the evidence established such fact, their title was a legal title as alleged in their complaint, and not an equitable title as claimed by appellants. *Brown* v. *Freed* (1873), 43 Ind. 253; *Nichol* v. *Thomas* (1876), 53 Ind. 42; *Freed* v. *Brown* (1876), 55 Ind. 310; *Smith* v. *Ryan* (1908), 191 N. Y. 452, 84 N. E. 402, 19 L. R. A. (N. S.) 461, and note, 123 Am. St. 609, 14 Ann. Cas. 505.

Appellants claim that the court erred in overruling their motion to instruct the jury to return a verdict in their favor, made at the close of appellees' evidence in chief. In passing on such motion it was the duty of the trial court to consider only the evidence favorable to appellees, and to exclude all evidence in conflict therewith. It was required to treat all facts which such evidence tends to prove as true, and to indulge every inference in favor of appellees, which the jury might reasonably,

draw. *Bennett* v. *Chicago, etc., R. Co.* (1912), 50 Ind. App. 264, 98 N. E. 192; *Vandalia R. Co.* v. *Parker* (1916), 61 Ind. App. 146, 111 N. E. 637; *West* v. *National Casualty Co.* (1916), 61 Ind. App. 479, 112 N. E. 115. Appellants' chief insistence, in support of this alleged error, is based on the alleged fact that appellees had failed to prove that they had offered to place appellant James M. Gwinn in *statu quo* by tendering to him the consideration paid for said deed. There was evidence from which the jury might have found that no consideration was paid therefor, or that the deed was executed under such circumstances, that the grantee was not entitled to be placed in *statu quo*. In either of which events the suggested proof was not required. Viewing the evidence in the light of the imperative rule stated, we cannot say that the court erred in refusing to give the peremptory instruction requested.

The court gave instruction No. 18 on its own motion. It reads as follows: "While mere weakness of mind due to old age or enfeebled condition will not of itself incapacitate a person from making a deed unless amounting to unsoundness of mind as defined in these instructions, yet, if such weakness or enfeebled condition is shown, the jury may consider the same in determining whether the will or the mental faculties of the grantor were so overcome by stress of circumstances and by undue influence exerted by the grantee, if any you find, as to justify the belief that the deed was not in truth and good conscience her free act and deed." Appellants contend that the giving of this instruction was erroneous because it placed "stress of circumstances" on a par with "undue influence" in deter-

mining the validity of the deed in question. This contention appears to be well taken. By this instruction, the jury was informed in effect that although the evidence might fail to show that such deed was executed by reason of the undue influence exerted by appellant James M. Gwinn, still such deed would be invalid, if the grantor's will or mind was so overcome by the combined effect of stress of circumstances, and undue influence exerted by the said Gwinn, as to justify the belief that it was not in truth and good conscience her free act and deed. Such an instruction cannot be sustained. The law recognizes fraud, mistake, unsoundness of mind and undue influence as grounds for setting aside a deed, but not *stress of circumstances,* whether existing alone, or in conjunction with undue influence. Under the instruction given, which permits a consideration of the combined effect of the two elements named, stress of circumstances may have been the predominate cause for the execution of the deed, and the undue influence exerted by the grantee may have been only incidental, still it would have been the duty of the jury under this instruction to find the deed invalid. Moreover, it will be noted that the "stress of circumstances" mentioned in the instruction is not limited to such as may have been caused by the grantee, but the jury was left free to charge such fact against him, regardless of its source. The giving of such instruction was clearly prejudicial error.

The court gave instruction No. 24 on its own motion. It reads in part as follows: "A person's children and their descendants the law recognizes as the natural objects of his bounty when he executes a will or a deed which is intended

to serve in whole or in part as a distribution of his property, and if, without any reason, he either wholly or to a considerable extent disinherits any such children or their descendants, such conduct upon the grantor's part becomes a part of the evidence which the jury trying a case involving the validity of such deed has a right to consider, if the unsoundness of mind of such grantor is in controversy.'' Appellants contend that the law does not recognize a person's children and their descendants as the natural objects of a parent's bounty, and hence that part of said instruction above quoted is erroneous. We find that the case of *Breadheft* v. *Cleveland* (1915), 184 Ind. 130, 108 N. E. 5, 110 N. E. 662, cited by appellants, supports their contention, and is decisive in the instant case. Therefore the giving of such instruction was error.

The court gave also instruction No. 25 on its own motion. It reads as follows: ''Part of the testimony of certain witnesses on this case was permitted to go to the jury for one purpose only, that is, the testimony of the following witnesses, to wit: The plaintiff, Anna Hobbs and her husband David Hobbs, the plaintiff, Alta Robinson and her husband, Ovid Robinson, and the plaintiff, Sarah Sowerwine and her husband, Charles W. Sowerwine; also the testimony of the defendant, Stella Gwinn as to certain conversations, statements and transactions with the deceased grantor Sarah Kaufman, and all of the evidence of each of said witnesses as to what transpired in the presence of the said Sarah Kaufman and prior to her death, should be considered by you only as it may throw some light upon the mental condition of the said

Sarah Kaufman and for no other purpose should said testimony be considered by you.''

Appellants contend that the court erred in giving this instruction, as it informed the jury, in effect, that it might consider the evidence given by the witnesses named, as tending to prove substantive facts which it might consider in determining the mental condition of the grantor, Sarah C. Kaufman. In considering this contention it should be borne in mind that this is a suit by heirs to obtain title to property in the right of an ancestor within the meaning of §522 Burns 1914, §499 R. S. 1881. Under the provisions of this section none of the parties to the suit were competent witnesses as to any matter which occurred prior to the death of such ancestor, and under the provisions of §525 Burns 1914, §501 R. S. 1881, the husbands and wives of the respective parties were likewise incompetent to testify to such facts. *Terry* v. *Davenport* (1916), 185 Ind. 561, 112 N. E. 998. In this case, however, the mental capacity of such ancestor to make the deed in question was in issue. This warranted appellees in calling witnesses to testify upon this issue, and in so doing to give opinions as to whether such grantor was of unsound mind. The parties to the action, and their respective husbands and wives, were competent witnesses for the purpose of giving such opinions. *Studabaker* v. *Faylor, supra; Keys* v. *McDowell* (1913), 54 Ind. App. 263, 100 N. E. 385. This necessarily required them to testify to matters which occurred prior to the death of such ancestor, as a foundation for such opinions, so that the jury might have a means of weighing the same, but such testimony could not be considered as tending to establish any of such matters as substantive facts to be given weight in determining the

issues of mental capacity or undue influence. *Keys v. McDowell, supra.*

If it can be said that such instruction, when fairly construed, informed the jury otherwise, its giving was error. It will be noted that such instruction stated in substance that the testimony of the witnesses named as to what transpired in the presence of the said Sarah C. Kaufman prior to her death should be considered only as it might *throw some light* (our italics) upon her mental condition, and for no other purpose. The instruction does not expressly direct the jurors' attention to the only purpose for which such testimony could be properly considered, viz., as a foundation for the witnesses' opinions as to the ancestor's mental capacity, and as furnishing a means of weighing such opinions, and we have grave doubts if it does so by implication. On the other hand, it expressly states that such testimony "should be considered by you only as it may throw some light upon the mental condition of the said Sarah Kaufman and for no other purpose should said testimony be considered by you." This would clearly warrant the jury in considering the substantive facts which such testimony tended to establish, in seeking light on the mental capacity of such ancestor. This the law forbids. It should be noted also that undue influence was an issue on the trial of the cause. The mental condition of such ancestor was a fact that the jury might properly consider in connection with such issue. If, then, the jury might consider such testimony as throwing light on the mental condition of Sarah C. Kaufman, as stated in the instruction without any limitation, it follows that it might consider the same as effecting the issue of undue influence. This would be a violation of said

§522 Burns 1914, §499 R. S. 1881, as expressly held in the case of *Keys* v. *McDowell, supra.*

Appellants contend that one of the material questions the jury had to determine on the trial of this case was whether the deed from Sarah C. Kaufman to James M. Gwinn for the real estate in controversy was invalid by reason of undue influence exerted by the grantee over the grantor in its execution; that they tendered instructions Nos. 27, 28, and 44 on this material issue, but the court refused to give any of them, or any other instruction defining undue influence, and hence the court erred in such refusal. The general rule seems to be that it is error for a court to refuse to define in its instructions technical or legal phrases in connection with material issues, when properly and timely requested so to do. 38 Cyc 1687; *Pittsburgh, etc., R. Co.* v. *Wise* (1905), 36 Ind. App. 59, 74 N. E. 1107; *Denver, etc., R. Co.* v. *Norgate* (1905), 141 Fed. 247, 72 C. C. A. 365, 6 L. R. A. (N.S.) 981, 5 Ann. Cas. 448; *Holmes* v. *Clisby* (1904), 121 Ga. 241, 48 S. E. 934, 104 Am. St. 103; *Union Scale Co.* v. *Iowa Mach., etc., Co.* (1907), 136 Ia. 171, 113 N. W. 762; *Western, etc., Land Co.* v. *Scaife* (1897), 80 Fed. 352, 25 C. C. A. 461; *Chambers* v. *Morris* (1906), 149 Ala. 674, 42 South. 549. The phrase "undue influence," when used in connection with the execution of wills and deeds, has a legal meaning, which is often the subject of debate among those learned in the law, and hence it could not be expected that the unprofessional men of a jury would understand what was meant by its use in such connection. It was therefore the duty of the court to instruct the jury as to its meaning. No instruction appears to have been given on that subject, which fully discharged this duty. Ap-

pellants availed themselves of the privilege of requesting a more specific instruction on such subject by tendering the instructions named. Nos. 27 and 28 so requested are correct statements of the law. Under such circumstances it was the duty of the court to give at least one of the same, and a refusal so to do was error.

Other questions presented on this appeal are not considered or determined, as they may not reoccur on another trial of the cause. For the reasons stated, the judgment is reversed, with instructions to sustain appellants' motion for a new trial, and to such other proceedings as are not inconsistent with this opinion.